**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:24-CV-00046-MOC-WCM**

| | |
|---|---|
| **GERTRUDE A. SIEGEL,**<br><br>                   **Plaintiff,**<br><br>v.<br><br>**TRAILS CAROLINA, LLC, WILDERNESS TRAINING CONSULTING, LLC, AND DERRY C. O'KANE,**<br><br>                   **Defendants.** | **DEFENDANTS' AMENDED ANSWER TO PLAINTIFF'S COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

**NOW COME** Defendants Trails Carolina, LLC, Wilderness Training & Consulting, LLC, and Derry C. O'Kane, (hereinafter collectively "Defendants"), and answer the Complaint of Gertrude A. Siegel, (hereinafter" Plaintiff"), as follows:

### FIRST DEFENSE AND MOTION TO DISMISS

Defendants move this Court, pursuant to pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for dismissal of Plaintiff's Third Cause of Action for alleged violation(s) of N.C. Gen. Stat. § 75-1.1 et seq. on the basis of the learned profession exemption under N.C. Gen. Stat. § 75-1.1(b).

### SECOND DEFENSE AND MOTION TO DISMISS

Defendants move this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for dismissal of any claims by Plaintiff for alleged medical expenses incurred prior to Plaintiff reaching the age of majority, inasmuch as such claims for medical expenses during minority would be vested in the parents, guardians, or other individual(s) financially responsible for such expenses at such time under North Carolina law. *See, e.g.* Vaughan v. Moore, 89 N.C. App. 566, 567 366 S.E.2d 518, 520 (1988).

1

## THIRD DEFENSE AND MOTION TO DISMISS

Defendant Wilderness Training & Consulting, LLC moves this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for dismissal of all of Plaintiff's claims against Defendant Wilderness Training & Consulting, LLC for failure to state a claim upon which relief can be granted.

## FOURTH DEFENSE AND MOTION TO DISMISS

Defendants move this Court for dismissal of Plaintiff's claim for punitive damages on the basis that the allegations set forth in Complaint, even when taken in the light most favorable to the Plaintiff, fail to establish any of the grounds for punitive damages.

## ANSWER AND FIFTH DEFENSE

1. The allegations contained in Paragraph 1 are denied.

2. With regard to Paragraph 2, it is admitted that Trails Carolina, LLC is a limited liability company operating a for-profit wilderness therapy program in Western North Carolina. It is further admitted that Wilderness Training & Consulting, LLC is the sole member-manager of Trails Carolina, LLC. It is also admitted that the Family Help & Wellness websites presently states: "Trails Carolina is an outdoor mental and behavioral healthcare program for pre-teens and adolescents ages 10-17. This clinically sophisticated and time-tested program engages students through wilderness therapy, mindfulness and yoga, equine-assisted therapy, intentional transitions from wilderness expeditions to base camps, and academic engagement." Except as explicitly admitted, denied.

3. With regard to Paragraph 3, it is admitted that the Trails Carolina website presently states that its "wilderness program is dedicated to helping teens work through behavioral or emotional difficulties, building trusting relationships with their family and peers, and achieve

academic success" and that it is "a leading residential treatment center for youth." Except as explicitly admitted, denied.

4. With regard to Paragraph 4, it is admitted that the Trails Carolina website presently contains these representations. Except as explicitly admitted, denied.

5. With regard to Paragraph 5, it is admitted that the Trails Carolina website presently references the study done in coordination with the Center for Research, Assessment, and Treatment Efficacy and the University of Arkansas and states that 98% of students continued to report significantly improved mental health 12 months after graduation. Except as explicitly admitted, denied.

6. The allegations contained in Paragraph 6 are denied.

7. The allegations contained in Paragraph 7 are denied.

8. The allegations contained in Paragraph 8 are denied.

9. The allegations contained in Paragraph 9 are denied.

10. The allegations contained in Paragraph 10 are denied.

11. The allegations contained in Paragraph 11 are denied.

12. The allegations contained in Paragraph 12 are denied.

13. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 13 and, as such, deny the same.

14. With regard to Paragraph 14, it is admitted that Trails Carolina is a limited liability company formed in North Carolina on June 25, 2008. It is further admitted that Trails Carolina conducts business in the state of North Carolina. Except where explicitly admitted, denied.

15. With regard to Paragraph 15, it is admitted that Wilderness Training & Consulting, LLC is the sole member-manager of Trails Carolina, LLC. Wilderness Training & Consulting, LLC is a limited liability corporation organized and existing under the laws of the State of Oregon. Except where explicitly admitted, denied.

16. With regard to Paragraph 16, it is admitted that WTCSL, LLC is the sole member manager of Wilderness Training & Consulting, LLC. WTCSL, LLC is a limited liability corporation organized and existing under the laws of the State of Oregon. Except where explicitly admitted, denied.

17. With regard to the Paragraph 17, it is admitted that WTCSL, LLC has the following members (parentheses denote citizenship): Cat Jennings (NC); Dilly Bean LLC (member: Bryan Tomes (NC)); FNS Group, LLC (member: Dan Stuart (UT)); Graham Shannonhouse (NC); Hayden Dupell (OR); Ikaika Holdings LLC (member: Keoni Anderson (UT)); Jen Wilde Consulting PLLC (member: Jennifer Wilde (UT)); Jesse Long (OR); John Gordon (NC); Jon Worbets (ID); Kathryn Huffman (NC); Kathy Rex (ID); Kirsten Morgan (OR); Laura Burt (UT); Mahalo Nui, LLC (member: Judith Jacques (UT)); Mary S. Pierce (NC); Matt Roy (OR); Randi Nelson (UT); Rebecca Gebb (NC); Reid Treadaway (ID); Scott Hess (UT); SEJC Holdings, LLC (member: Kyle Gillett (NC)); Shayne Gallagher (UT); Sheri Gallagher (UT); Simpson Holdings, L.C. (members: Jeff and Becky Simpson (AZ)); Steven Stradley (OR); White Mountain Consulting LLC (member: Josh White (AZ)); and WTC Holdco, LLC. It is further admitted, WTC Holdco, LLC is a limited liability corporation organized and existing under the laws of the State of Oregon. WTC Holdco, LLS has the following members: Wayne Laird (OR); JLC Family, LLC (member: Johnny Deblock (WA)); Opal Creek Capital, LLC (member: Tim Dupell (OR)); PGO,

4

LLC (member: Sue Crowell (NC)); and FHW/THP Blocker, Inc. (TX private equity firm). Except where explicitly admitted, denied.

18. Upon information and belief, these answering Defendants admit that during the relevant time frame, Mr. Whitworth was the program director and Ms. Shannonhouse was the executive director of Defendant Trails Carolina. These answering Defendants further admit that in that capacity, Mr. Whitworth and Ms. Shannonhouse provided oversight to the Trails Carolina program, including aspects of policies and procedures, and hiring and training of employees related to the care and treatment of minors enrolled in the Trails Carolina program. Except as admitted, the allegations contained in Paragraph 18 are denied.

19. These answering Defendants admit that Mr. Whitworth and Ms. Shannonhouse were involved with hiring of Defendant O'Kane and other Trails Carolina staff members. These answering Defendants further admit that students and staff in the Trails Carolina program were customarily referred to by first name during the relevant time period. These answering Defendants further admit that Trails Carolina may have employed one or more staff members with the first names referenced in Paragraph 19. These answering Defendants expressly deny that they did anything to cause or contribute to any harm to Plaintiff. Except as admitted, the remaining allegations contained in Paragraph 19 are denied.

20. With regard to the allegations contained in Paragraph 20, it is admitted that O'Kane is a citizen of Buncombe County, North Carolina and was Plaintiff's licensed clinical mental health counselor during Plaintiff's enrollment at Trails Carolina. It is further admitted that O'Kane served as a therapist to Plaintiff during her enrollment at Trails Carolina. Except where explicitly admitted, denied.

21. The allegations contained in Paragraph 21 state legal conclusions, to which no response is required. To the extent a response is required, denied.

22. The allegations contained in Paragraph 22 state legal conclusions, to which no response is required. To the extent a response is required, denied.

23. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 23 and, as such, deny the same.

24. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 24 and, as such, deny the same.

The heading above Paragraph 25 in the Complaint is denied.

25. With regard to the allegations contained in Paragraph 25, it is admitted that Trails Carolina is a for-profit wilderness therapy program for preteens and adolescents. Except as admitted, the allegations contained in Paragraph 25 are denied.

26. With regard to the allegations contained in Paragraph 26, it is admitted that the Trails Carolina's website presently states that it treats individuals with behavioral concerns, such as manipulative behavior, aggression or anger management, and defiant behavior/oppositional defiant disorder; mental health disorders, such as depression, anxiety, and mood dysregulation; and self-image and social challenges, such as social isolation, peer pressure, bullying, and low self-esteem. Except where explicitly admitted, denied.

27. The allegations contained in Paragraph 27 are denied.

25. The allegations contained in Plaintiff's second Paragraph 25 are denied.[1]

---

[1] Plaintiff's Complaint contains a numbering error and restarts at number 25 following the first number 27 paragraph. Defendants' Answer mirrors the numbering error in Plaintiff's Complaint for continuity.

26. The allegations contained in Plaintiff's second Paragraph 26 are denied.

27. With regard to Plaintiff's second Paragraph 27, it is admitted that Trails Carolina's website presently states that "Your daughter will work with other girls of similar ages who face similar challenges." Except where explicitly admitted, denied.

28. The allegations contained in Paragraph 28 are denied.

29. The allegations contained in Paragraph 29, including each and every subpart, are denied.

30. The allegations contained in Paragraph 30 are denied.

30. The allegations contained in Plaintiff's second Paragraph 30 are denied.[2]

The heading above Paragraph 31 in the Complaint is denied.

31. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 31 and, as such, deny the same.

32. With regard to Paragraph 32, it is admitted that Plaintiff was enrolled at Trails Carolina from approximately May 6, 2016 to July 27, 2016. Except where explicitly admitted, denied.

33. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 33 and, as such, deny the same.

34. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 34 and, as such, deny the same.

---

[2] Plaintiff's Complaint contains another numbering error with two Paragraphs 30. Defendants' Answer mirrors the numbering error in Plaintiff's Complaint for continuity.

35. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 35 and, as such, deny the same.

36. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 36 and, as such, deny the same.

37. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 37 and, as such, deny the same.

38. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 38 and, as such, deny the same.

39. These answering Defendants do not, as of the date of this Amended Answer, have a copy of any alleged correspondence as between Defendant O'Kane and Plaintiff's parents. Therefore, these answering Defendants admit, upon information and belief, that Defendant O'Kane communicated with Plaintiff's parents in writing, but deny the allegations in Paragraph 39 as to the specific substance of that writing for lack of knowledge or information sufficient to form a belief.

40. These answering Defendants do not, as of the date of this Amended Answer, have a copy of any alleged correspondence as between Defendant O'Kane and Plaintiff's parents. Therefore, these answering Defendants admit, upon information and belief, that Defendant O'Kane communicated with Plaintiff's parents in writing, but deny the allegations in Paragraph

8

Case 1:24-cv-00046-MOC-WCM    Document 20    Filed 03/20/24    Page 8 of 16

40 as to the specific substance of that writing for lack of knowledge or information sufficient to form a belief.

  41. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 41 and, as such, deny the same.

  42. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 42 and, as such, deny the same.

  43. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 43 and, as such, deny the same.

  44. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 44 and, as such, deny the same.

  45. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 45 and, as such, deny the same.

  46. The allegations contained in Paragraph 46 are denied.

  47. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 47 and, as such, deny the same.

48. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 48 and, as such, deny the same.

49. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 49 and, as such, deny the same.

50. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 50 and, as such, deny the same.

51. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 51 and, as such, deny the same.

52. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 52 and, as such, deny the same.

53. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 53 and, as such, deny the same.

54. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 54 and, as such, deny the same.

55. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 55 and, as such, deny the same.

56. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 56 and, as such, deny the same.

57. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 57 and, as such, deny the same.

58. The allegations contained in Paragraph 58 are denied.

59. With regard to Paragraph 59, these answering Defendants incorporate herein by reference its responses to all previous allegations made in this Complaint.

60. These answering Defendants admit that Trails Carolina had a website during the relevant time frame. These answering Defendants further admit that Plaintiff's parents elected to enroll her in the Trails Carolina program. Except as admitted, the allegations contained in Paragraph 60 are denied.

61. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 61 and, as such, deny the same.

62. These answering Defendants admit that Trails Carolina had a website and other published materials concerning the Trails Carolina therapeutic program for adolescent females, and that those materials speak for themselves. Except as admitted, the allegations contained in Paragraph 62 are denied.

63. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 63 and, as such, deny the same.

64. The allegations contained in Paragraph 64 state legal conclusions, to which no response is required. To the extent a response is required, denied.

65. The allegations contained in Paragraph 65 state legal conclusions, to which no response is required. To the extent a response is required, denied.

66. The allegations contained in Paragraph 66, including each and every subpart, are denied.

67. The allegations contained in Paragraph 67 are denied.

68. The allegations contained in Paragraph 68 are denied.

69. The allegations contained in Paragraph 69 are denied.

70. The allegations contained in Paragraph 70 are denied.

71. With regard to Paragraph 71, these answering Defendants incorporate herein by reference its responses to all previous allegations made in this Complaint.

72. The allegations contained in Paragraph 72 are admitted.

73. These answering Defendants admit that at all times relevant to this action Defendant O'Kane did have significant background, training, and experience working with adolescent females. Except as admitted, the allegations contained in Paragraph 73 are denied.

74. These answering Defendants admits that the text of referenced statutes speaks for itself. Except as admitted, the allegations contained in Paragraph 74 are denied.

75. These answering Defendants admit that at all times relevant to this action that certain policies and procedures were in place and that those policies and procedures speak for themselves. Except as admitted, the allegations contained in Paragraph 75 are denied.

76. With regard to Paragraph 76, it is admitted that O'Kane was Plaintiff's primary therapist at Trails Carolina during her enrollment. Except as explicitly admitted, denied.

77. The allegations contained in Paragraph 77 are denied.

78. The allegations contained in Paragraph 78 are denied.

79. The allegations contained in Paragraph 79 are denied.

80. These answering Defendants admit that Defendant O'Kane had to exercise the standard of care of another similarly situated therapist under the same or similar circumstances. These answering Defendants expressly deny that there was any breach of a standard of care. These answering Defendants further expressly deny that they caused any harm to Plaintiff. Except as admitted, the allegations contained in Paragraph 80 are denied.

81. The allegations contained in Paragraph 81 are denied.

82. The allegations contained in Paragraph 82 are denied.

83. The allegations contained in Paragraph 83 are denied.

84. With regard to Paragraph 84, these answering Defendants incorporate herein by reference its responses to all previous allegations made in this Complaint.

85. The allegations contained in Paragraph 85, including each and every subpart, are denied.

86. The allegations contained in Paragraph 86 are denied.

## SIXTH DEFENSE

If it is determined that these answering Defendants were negligent, as alleged in the Plaintiff's Complaint or otherwise, which has been and is once again expressly denied, then upon information and belief, it is alleged that intervening negligence and intervening cause on the part of the one or more third parties insulated any negligence on the part of these answering Defendants; that such intervening negligence and cause was not foreseeable to these answering Defendants; and that such insulating negligence is pled in bar of any purported right of Plaintiff to recover anything of these answering Defendants in this action.

## SEVENTH AFFIRMATIVE DEFENSE
### (STATUTES OF LIMITATION)

Plaintiff's claims may be barred by the applicable statutes of limitation.

## EIGHTH AFFIRMATIVE DEFENSE
### (STATUTE OF REPOSE)

Plaintiff's claims may be barred by the statute of repose.

**WHEREFORE,** Defendants Trails Carolina, LLC, Wilderness Training & Consulting, LLC, and Derry C. O'Kane, having fully answered the Complaint of the Plaintiff, pray the Court as follows:

1. That Plaintiff have and recover nothing of these answering Defendants in this action, and that this action be dismissed;

2. That all issues of fact be tried before a jury;

3. That the costs of this action be taxed against Plaintiff; and

4. For such other and further relief as the Court may deem just and proper.

**This the 20th day of March, 2024.**

/s/**DAVID L. LEVY**
**David L. Levy**
**NC State Bar No. 34060**
/s/**KRISTY M. D'AMBROSIO**
**Kristy M. D'Ambrosio**
**NC State Bar No. 52817**
**Hedrick Gardner Kincheloe & Garofalo, LLP**
**4201 Congress Street, Suite 300**
**Charlotte, NC 28209**
**Phone: 704-319-5426**
**Fax: 704-602-8178**
dlevy@hedrickgardner.com
kdambrosio@hedrickgardner.com
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing *Defendants' Amended Answer to Plaintiff's Complaint* was served upon all counsel of Record via CM/ECF system.

**This the 20th day of March, 2024.**

                                         **/s/DAVID L. LEVY**
                                         **David L. Levy**
                                         **NC State Bar No. 34060**