# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:24-CV-00046-MOC-WCM

| | |
|---|---|
| **GERTRUDE A. SIEGEL,**<br><br>                              **Plaintiff,**<br><br>v.<br><br>**TRAILS CAROLINA, LLC, WILDERNESS TRAINING CONSULTING, LLC, AND DERRY C. O'KANE,**<br><br>                              **Defendants.** | **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER PROHIBITING EXTRAJUDICIAL STATEMENTS** |

Defendants Trails Carolina, LLC, Wilderness Training & Consulting, LLC, and Derry C. O'Kane, (hereinafter collectively "Defendants") submit this brief in support of Defendants' Motion for an Order prohibiting Plaintiff and her counsel from making extrajudicial statements regarding the instant lawsuit and allegations.

## STATEMENT OF THE CASE

On or about February 10, 2024, Plaintiff Gertrude A. Siegel filed the instant complaint in this action. [Doc. 1]. In the Complaint, Plaintiff alleges claims of medical malpractice against the Defendants stemming from her enrollment in the Trails Carolina Program from May 6, 2016 to July 27, 2016 when she was twelve years old. [Doc. 1 ¶¶ 1, 32]. Trails Carolina is a residential wilderness therapy treatment program located in Lake Toxaway, North Carolina, which provides therapeutic programs to adolescents dealing with a variety of mental health problems.

On March 6, 2024, Defendants filed their Answer denying all material allegations. [DE 18]. Thereafter, on March 20, 2024, Defendants filed an Amended Answer. [DE 20].

On March 28, 2024, Plaintiff filed an Amended Complaint, substantially revising the prior allegations against Defendants and including impermissible commentary aimed at having an inflammatory impact on the potential jury pool. [DE 22].

1

**STATEMENT OF THE FACTS**

On March 8, 2024, Plaintiff, along with her attorney, Jenkins Mann, participated in an interview with Nancy Grace on her "Crime Stories with Nancy Grace" YouTube platform.[1] During the interview, Mr. Mann made the following inflammatory and impermissible statements: (1) that alleged that the Trails Carolina program was "designed to humiliate you"; (2) the program was not real therapy; (3) that the program operated under a cloak of secrecy with no regulation or oversight; and (4) that he had spoken with ten other girls alleging that they experienced sexual abuse while enrollment in the program. Additionally, Plaintiff alleged that the program did not provide legitimate therapy and that other students were sexually assaulted at the program. Defendants assert that these statements are improper and seriously jeopardize Defendants' right to a fair trial by tainting the potential jury pool.

Defendants also note that Plaintiff's counsel, Jenkins Mann, has made other impermissible statements to the media regarding other allegations involving Trails Carolina.[2] These efforts by Plaintiff to litigate this case in the media are intentional and multiple filings have been timed to attempt to get maximum media exposure and prejudice the Defendants. Plaintiff's pleadings have been specifically written for media consumption, with the original complaint being filed one week after an unrelated incident at the Trails Carolina program. Additionally, Plaintiff filed the Amended Complaint the same date that NCDHHS announced its intent to revoke Trails Carolina's

---

[1] The full 47-minute interview can be viewed at https://www.youtube.com/watch?v=-7D-L86VRcs. Defendants can also provide a downloaded copy of the interview directly to the Court upon request as there is no available option to upload the video the e-filing portal.

[2] In an April 3, 2024 article from Carolina Public Press, Mr. Mann is quoted stating he "hopes the cases and public attention helped put this in motion, because his clients' 'driving force' is to expose issues at Trails Carolina" and that he "would like to think this is a first step of many that we will be involved in, in efforts to shut down wilderness therapy camps and therapeutic boarding schools that are harmful to children," https://carolinapublicpress.org/63635/trails-carolina-camp-license-nc-dhhs-revoke-warning/

license. Defendants respectfully submit that Plaintiff's actions to litigate this case through media outlets are improper and cannot be permitted to continue.

## LEGAL STANDARD

Rule 3.6(a) of the North Carolina Rules of Professional Conduct on Trial Publicity states:

> A lawyer who is participating or has participated in the investigation or litigation of a matter shall not make an extrajudicial statement that the lawyer knows or reasonably should know will be disseminated by means of public communication and will have a substantial likelihood of materially prejudicing an adjudicative proceeding in the matter.

This rule was designed to preserve a right to a fair trial by avoiding trial by media. A lawyer "has the duty to the court, to the litigants in the particular case, to litigants in general and to the public to protect the judicial processes from those extraneous influences which impair its fairness." *Hirschkop v. Snead*, 594 F.2d 356, 366 (4th Cir. 1979). The trial court is afforded great latitude in prohibiting commentary which is reasonably likely to interfere with the administration of justice. *See Hirschkop v. Snead,* 594 F.2d 356 (4th Cir. 1979)

## ARGUMENT

Defendants respectfully submit that the Court should enter an Order prohibiting Plaintiff, and her counsel, from making extrajudicial statements to the media and other third parties, which are reasonably likely to interfere with the proper administration of justice through the court system. The extrajudicial statements being made by Plaintiff and her counsel are jeopardizing the Defendants' right to a fair trial. The Supreme Court has noted that the right to a fair trial is "the most fundamental of all freedoms." *Estes v. State of Tex.,* 381 U.S. 532, 540, 85 S. Ct. 1628, 1632, 14 L. Ed. 2d 543 (1965). "Legal trials are not like elections, to be won through the use of the meeting-hall, the radio, and the newspaper." *Bridges v. State of Cal.,* 314 U.S. 252, 271, 62 S. Ct. 190, 197, 86 L. Ed. 192 (1941). Publicity cannot be permitted where it is designed to divert the

trial from the "very purpose of a court system to adjudicate controversies, both criminal and civil, in the calmness and solemnity of the court according to legal procedures." *Sheppard v. Maxwell,* 384 U.S. 333, 350, 86 S. Ct. 1507, 1516, 16 L. Ed. 2d 600 (1966). These legal procedures required that "the jury's verdict be based on evidence received in open court, not from outside sources." *Id.* As noted in *Sheppard*, the trial court has the right to proscribe extrajudicial statements by any lawyer, party, or witness which will divulge prejudicial matters. *Id.*

In the instant case, there is a reasonable likelihood that the statements being made to the media will interfere with the administration of justice and will foreclose Defendants' right to a fair trial. Defendants respectfully submit that if Plaintiff and her counsel are permitted to continue litigating this case in the media it will irreparably taint the potential jury pool. Under these circumstances, it is appropriate and necessary for the Court to enter an Order prohibiting further extrajudicial statements from Plaintiff and her counsel.

**WHEREFORE**, Defendants respectfully request that the Court enter an Order prohibiting Plaintiff and her counsel from making extrajudicial statements regarding the instant lawsuit and allegations against Defendants.

**This the 9th day of April, 2024.**

> /s/DAVID L. LEVY
> **David L. Levy**
> **NC State Bar No. 34060**
> /s/KRISTY M. D'AMBROSIO
> **Kristy M. D'Ambrosio**
> **NC State Bar No. 52817**
> **Hedrick Gardner Kincheloe & Garofalo, LLP**
> **4201 Congress Street, Suite 300**
> **Charlotte, NC 28209**
> **Phone: 704-319-5426**
> **Fax: 704-602-8178**
> dlevy@hedrickgardner.com
> kdambrosio@hedrickgardner.com
> *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that on April 9, 2024, a copy of the foregoing *Memorandum of Law in Support of Defendants' Motion for Order Prohibiting Extrajudicial Statements* was served upon all counsel of Record via the CM/ECF system.

/s/DAVID L. LEVY
David L. Levy
NC State Bar No. 34060