# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CIVIL ACTION NO. 1:24-CV-00046-MOC-WCM

| | |
|---|---|
| **GERTRUDE A. SIEGEL,** | |
| **Plaintiff,** | |
| **v.** | **DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR ORDER PROHIBITING EXTRAJUDICIAL STATEMENTS** |
| **TRAILS CAROLINA, LLC, WILDERNESS TRAINING CONSULTING, LLC, AND DERRY C. O'KANE,** | |
| **Defendants.** | |

**NOW COMES** Defendants Trails Carolina, LLC, Wilderness Training & Consulting, LLC, and Derry C. O'Kane, (hereinafter collectively "Defendants"), by and through counsel, and submits this reply in support of Defendants' Motion for an Order prohibiting Plaintiff and her counsel from making extrajudicial statements regarding the instant lawsuit and allegations contained therein.

## ARGUMENT

Plaintiff's opposition mischaracterizes Defendants' motion as seeking a "federal gag order" and attempts to distract the Court from the clear violation of ethics rules. Defendants are simply requesting that the Court enter an Order requiring Plaintiff's attorneys to comply with the North Carolina Rules of Professional Conduct and stop making extrajudicial statements, which will have a substantial likelihood of interfering with the proper administration of justice through the court

1

system. Upon reading Plaintiff's opposition with almost 400 pages of primarily unrelated and irrelevant exhibits, it is clear that the intended audience is the media and not this Court. Defendants respectfully submit that the Court must intervene at this time to protect Defendants' rights to a fair trial in the courtroom, not the public forum.

## I.      Plaintiff's Commentary on Unrelated Events and Other Cases Clearly Demonstrates the Need for Court Intervention.

Plaintiff dedicates the majority of her opposition to commentary on the unrelated tragic incident from February of 2024 at Trails Carolina, which occurred eight (8) years after Plaintiff's enrollment. It is clear that Plaintiff's attorneys are attempting to leverage this unfortunate incident for continued media coverage of Plaintiff's claims.[1] Plaintiff's attorney's inflammatory statements about this unrelated incident eight (8) years after Plaintiff's enrollment, as well as another unrelated incident in 2014 which occurred *prior* to Plaintiff's enrollment, further demonstrate the necessity for the Court to intervene on the extrajudicial statements that are being made to the media in an attempt to litigate this action in the press.

The Court is very familiar with the referenced action in Plaintiff's opposition filed by Clara Mann, which is no longer pending. Plaintiff's attorneys once again

---

[1] Plaintiff's inaccurate representations as to the cause of death are improper as well as incredibly disrespectful to the family involved as the complete details surrounding the incident have not been released to the public. Further, the tragic events of February 2024 are wholly irrelevant to the present matters, which concerns alleged events in summer 2016.

mischaracterize the history of this action and the prior discovery dispute in a further attempt to have the Court ignore counsel's clear violation of the applicable ethics rules. Plaintiff's attorneys further improperly publicize this case on their firm website[2] by including various links to the articles where counsel has made improper extrajudicial statements about this pending action.[3] Plaintiff's counsels clearly have motivations beyond the litigation of this action for continuing to feed the press information on this pending action through impermissible prejudicial commentary and public filings targeted for no other purpose than media coverage.

## II.    Plaintiff's Opposition Wholly Mischaracterizes the Relief Sought by Defendants.

Defendants have not requested a "federal gag order" but rather simple compliance with the North Carolina Rules of Professional Conduct. Plaintiff appeared with her attorney, Jenkins Mann, for an interview with Nancy Grace on her "Crime Stories with Nancy Grace" YouTube platform on March 8, 2024.[4] During said interview, Mr. Mann made a series of impermissible statements, which are highlighted without dispute in both Defendants' memorandum of law as well as Plaintiff's opposition. The relief sought in Defendants' motion is aimed at

---

[2] See https://www.mannblake.com/troubled-teen-industry-abuse-lawsuits/
[3] Although, Plaintiff's counsel represents association with Rogers Lewis Jackson & Mann LLC in this lawsuit, both Shaun C. Blake and Jenkins Mann are actively involved with the law firm of Mann Blake & Jackson, which is actively recruiting for "troubled teen industry abuse" clients.
[4] The full 47-minute interview can be viewed at https://www.youtube.com/watch?v=-7D-L86VRcs. Defendants can also provide a downloaded copy of the interview directly to the Court upon request as there is no available option to upload the video the e-filing portal.

prohibiting statements made by Plaintiff's attorney, who appeared in the interview

with Plaintiff and encouraged Plaintiff to also make prejudicial statements, from

continuing to litigate this case in the media and taint the potential jury pool.

The trial court has the right to proscribe extrajudicial statements by *any*

*lawyer, party*, or witness which will divulge prejudicial matters. *Sheppard v.*

*Maxwell,* 384 U.S. 333, 350, 86 S. Ct. 1507, 1516, 16 L. Ed. 2d 600 (1966)(emphasis

added). If the Plaintiff's efforts to litigate in the case in the press are allowed to

continue, Defendants will undoubtedly be denied their rights to a fair trial and it will

irreparably taint the potential jury pool. Any media coverage of unrelated incidents

at Trails Carolina is irrelevant and not the subject of the motion before the Court for

consideration. Plaintiff primarily includes these references to continue to deflect

from the obvious violation of Rule 3.6(a) of the North Carolina Rules of Professional

Conduct. There is no applicable exception to the statements made and continuing to

be made by Mr. Mann. Defendants have not made any statements or press releases

containing this litigation; therefore, Mr. Mann's commentary could not be classified

as responsive comments under Rule 3.6(c). In light of the foregoing, Defendants

respectfully request that the Court grant its Motion.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court grant

their Motion in its entirety and enter an Order prohibiting Plaintiff and her counsel

from making extrajudicial statements regarding the instant lawsuit and allegations against Defendants.

This the 30th day of April, 2024.

/s/DAVID L. LEVY
David L. Levy
NC State Bar No. 34060
/s/KRISTY M. D'AMBROSIO
Kristy M. D'Ambrosio
NC State Bar No. 52817
Hedrick Gardner Kincheloe & Garofalo, LLP
4201 Congress Street, Suite 300
Charlotte, NC 28209
Phone:  704-319-5426
Fax:  704-602-8178
dlevy@hedrickgardner.com
kdambrosio@hedrickgardner.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on April 30, 2024, a copy of the foregoing *Reply in Support of Defendants' Motion for Order Prohibiting Extrajudicial Statements* was served upon all counsel of Record via the CM/ECF system.

/s/DAVID L. LEVY
**David L. Levy**
**NC State Bar No. 34060**