UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:24-CV-00046-MOC-WCM

| | |
|---|---|
| GERTRUDE A. SIEGEL,<br><br>                                             **Plaintiff,**<br><br>v.<br><br>TRAILS CAROLINA, LLC,<br>WILDERNESS TRAINING &<br>CONSULTING, LLC, and DERRY C.<br>O'KANE,<br><br>                                            **Defendants.** | **DEFENDANTS' REPLY IN<br>SUPPORT OF MOTION<br>TO STRIKE** |

**NOW COME** Defendants Trails Carolina, LLC, Wilderness Training & Consulting, LLC, and Derry C. O'Kane, (hereinafter collectively "Defendants"), by and through counsel, and submit this reply in support of Defendants' Motion to Strike.

## ARGUMENT

### I. Defendants maintain that Plaintiff's Amended Complaint is untimely.

Defendants maintain their reading of Rule 15 that Plaintiff filed the Amended Complaint, without leave of Court, outside of the permissible time period on March 28, 2024. [DE 22]. As set forth in Rule 15 of the Federal Rules of Civil Procedure "A party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a

1

motion under Rule 12(b), (e), or (f), *whichever is earlier*." Fed. R. Civ. P. 15 (emphasis added). Defendants respectfully submit that Plaintiff missed this time period by failing to amend prior to March 4, 2024 for Defendants Trails Carolina, LLC and Wilderness Training & Consulting, LLC and prior to March 28, 2024 for Defendant Derry O'Kane. Therefore, Defendants respectfully submit that the Court should strike the Amended Complaint in its entirety.

**II. In the alternative, Defendants respectfully submit that the Court should strike the inflammatory and impermissible allegations contained in the Amended Complaint.**

Contrary to Plaintiff's baseless assertions, Defendants' motion has been set forth by counsel for the Defendants, not to satisfy any "publicists' objectives." Defendants intend to litigate this matter in the appropriate judicial forum - not in the media as Plaintiff and her attorneys continue to do. Throughout the briefing on the instant motion, as well as other pending motions before the Court, Plaintiff and her attorneys continue to reference other unrelated events at Trails Carolina to further efforts to continue the media coverage of Plaintiff's case. These unrelated events have no relevance to the allegations in this case and are being repeatedly included by Plaintiff's counsel for the improper purpose of prejudicing the Defendants.

The plain reading of inflammatory language from the Amended Complaint, which is highlighted in Defendants' brief, demonstrates that it is inflammatory and immaterial to the issues in this litigation. Contrary to the characterization by

2

Plaintiff's counsel, Defendants do not seek "to be the master of Gertie's Complaint"; rather, the Defendants are asking the Court to strike the portions of the Amended Complaint which reference a recent closure due to unrelated circumstances from those set forth in the Amended Complaint. It is clear that Plaintiff timed the Amended Complaint with the news of the intended revocation of Trails Carolina's license with references to "today" throughout the Amended Complaint. [DE 22 ¶ 2, 4, & 34]. Defendants respectfully submits that there can be no other purpose for inclusion of this highly inflammatory other than to further Plaintiff's attempt to prevent the Defendants from receiving a fair trial.

Further, even Plaintiff's supporting exhibits acknowledge that DHHA "intends to revoke your license"; however, notes that a final determination had not been made and offers an opportunity to demonstrate compliance with licensing laws and rules. The news articles notes that there has been no final determination about the camp's license. Despite Plaintiff's own exhibit conceding this fact, Plaintiff seems intent on mischaracterizing circumstances at the program eight years after her enrollment to improperly bolster her own claims.

Additionally, throughout the Amended Complaint, Plaintiff includes other inflammatory and immaterial language about both Defendants and non-parties, which is fully set forth in Defendants' original brief. Defendants maintain that there is no purpose for inclusion of the highlighted language other than to prejudice the

3

Defendants and taint the potential jury pool. Based on the foregoing, Defendants respectfully submit that the Court should strike the inflammatory revisions in the Amended Complaint, highlighted in Defendants' brief, due to the high likelihood of prejudice to the Defendants.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court grant their Motion to Strike in its entirety.

**This the 1st day of May, 2024.**

/s/DAVID L. LEVY
David L. Levy
NC State Bar No. 34060
/s/KRISTY M. D'AMBROSIO
Kristy M. D'Ambrosio
NC State Bar No. 52817
Hedrick Gardner Kincheloe & Garofalo, LLP
4201 Congress Street, Suite 300
Charlotte, NC 28209
Phone: 704-319-5426
Fax: 704-602-8178
dlevy@hedrickgardner.com
kdambrosio@hedrickgardner.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on May 1, 2024, a copy of the foregoing *Reply in Support of Defendants' Motion to Strike* was served upon all counsel of Record via the CM/ECF system.

<u>**/s/DAVID L. LEVY**</u>
**David L. Levy**
**NC State Bar No. 34060**