UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:24-CV-00046-MOC-WCM

| | |
|---|---|
| GERTRUDE A. SIEGEL,<br><br>          **Plaintiff,**<br><br>v.<br><br>TRAILS CAROLINA, LLC,<br>WILDERNESS TRAINING &<br>CONSULTING, LLC, AND DERRY C.<br>O'KANE,<br><br>          **Defendants.** | **DEFENDANTS' REPLY<br>IN SUPPORT OF<br>MOTION TO DISMISS** |

**NOW COME** Defendants Trails Carolina, LLC, Wilderness Training & Consulting, LLC, and Derry C. O'Kane, (hereinafter collectively "Defendants"), by and through counsel, and submit this reply in support of Defendants' Motion.

## ARGUMENT

### I. Plaintiff's medical malpractice claims are time barred.

Plaintiff's Complaint clearly sets forth a medical malpractice claim against the Defendants, which is verified by her inclusion of a Rule 9(j) certification. [DE 1 ¶¶ 23, 24; DE 22 ¶ 24, 25]. Therefore, under the applicable statute of limitations, Plaintiff would have needed to filed her claim before the age of nineteen, which she failed to do. N.C.G.S. § 1–17(b).

Plaintiff's reliance on the *Doe* and *Cohane* cases is misguided. In *Doe*, the Court of Appeals ultimately found that plaintiff's claims against the Roman Catholic

1

Diocese of Charlotte were barred by the applicable statutes of limitations. *Doe v. Roman Cath. Diocese of Charlotte, NC*, 242 N.C. App. 538, 546, 775 S.E.2d 918, 924 (2015). Further, the *Cohane* case is presently up on appeal before the Supreme Court of North Carolina and dealt with a revival provision of the SAFE Child Act, which is not at issue in the instant litigation. *See Cohane v. Home Missioners of Am.*, 898 S.E.2d 293 (N.C. 2024).

Plaintiff's Complaint and Amended Complaint set forth medical malpractice allegations in that Defendants failed to adhere to a treatment plan, provide sufficient food, and that Plaintiff contracted a Urinary Tract Infection and two staph infections during the course of her enrollment at Trails Carolina. [DE 1 ¶¶ 50, 55, 56; DE 22 ¶¶ 82, 84, 87, 88; DE 22]. Throughout the Complaint and Amended Complaint, Plaintiff refers to alleged violations of N.C.G.S. § 122C-57 (Right to Treatment and Consent to Treatment) and 122C-62, (Treatment Rights) under the Mental Health, Developmental Disabilities, and Substance Abuse Act of 1985. *See* N.C. Gen. Stat. Ann. §§ 122C-57 & 122C-62. These claims by their very nature are clearly medical malpractice claims in that Plaintiff relies on legislation aimed at healthcare providers in setting forth her allegations of malpractice. Furthermore, Plaintiff's opposition fails to offer any explanation as to how these claims could be classified as anything other than medical malpractice claims.

Plaintiff articulates claims of sexual abuse by an alleged assailant only identified as "Jane Doe." [DE 22 ¶ 77]. The Complaint and Amended Complaint focus on Defendants' alleged duty to report the alleged incident between minors to the regulatory authorities, which is inaccurate and not supported by any evidence or relevant statute[1]; however, Plaintiff fails to establish how violation of this alleged duty renders Defendants responsible for this alleged incident by a third party. Based on the foregoing, Defendants respectfully submit that Plaintiff cannot rely on the enlargement of the statute of limitations under N.C.G.S. § 1-17(d) and that the case should be dismissed as the instant lawsuit was filed outside the applicable statute of limitations set forth in N.C.G.S. § 1-17(b).

## II. Plaintiff should not be permitted to seek recovery for medical expenses incurred during minority.

Plaintiff's Complaint and Amended Complaint forecast that she will seek recovery of medical expenses incurred during minority. In the event that the Court does not find that Plaintiff's Complaint and Amended Complaint were untimely, Defendants respectfully request that the Court dismiss any claim for damages for medical expenses incurred prior to reaching the age of majority.

---

[1] Plaintiff references N.C.G.S. §§ 7B-301 and 7B-310; however, those provisions are inapplicable to the instant facts as the definition of an abused juvenile under § 7B-101(1) only encompasses the conduct by a parent, guardian, custodian, or caretaker – not another minor as is the case here.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court grant their Motion in its entirety.

**This the 1st day of May, 2024.**

> **/s/DAVID L. LEVY**
> **David L. Levy**
> **NC State Bar No. 34060**
> **/s/KRISTY M. D'AMBROSIO**
> **Kristy M. D'Ambrosio**
> **NC State Bar No. 52817**
> **Hedrick Gardner Kincheloe & Garofalo, LLP**
> **4201 Congress Street, Suite 300**
> **Charlotte, NC 28209**
> **Phone: 704-319-5426**
> **Fax: 704-602-8178**
> **dlevy@hedrickgardner.com**
> **kdambrosio@hedrickgardner.com**
> *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on May 1, 2024, a copy of the foregoing *Reply in Support of Defendants' Motion to Dismiss* was served upon all counsel of Record via the CM/ECF system.

/s/DAVID L. LEVY
**David L. Levy**
**NC State Bar No. 34060**

5

Case 1:24-cv-00046-MOC-WCM   Document 35   Filed 05/01/24   Page 5 of 5