UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:24-CV-00046-MOC-WCM

| | |
|---|---|
| GERTRUDE A. SIEGEL,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>TRAILS CAROLINA, LLC, WILDERNESS TRAINING & CONSULTING, LLC, and DERRY C. O'KANE,<br><br>　　　　　　　　　　　Defendants. | **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PROTECTIVE ORDER** |

Defendants Trails Carolina, LLC, Wilderness Training & Consulting, LLC, and Derry C. O'Kane, (hereinafter collectively "Defendants") submit this brief in support of Defendants' Motion for Protective Order, requesting an Order prohibiting Plaintiff from questioning witnesses on an unrelated incident at Trails Carolina in February of 2024 and on other minor enrollees' treatment at Trails Carolina.

## STATEMENT OF THE CASE

On or about February 10, 2024, Plaintiff Gertrude A. Siegel filed the original Complaint in this action. [DE 1]. On March 6, 2024, Defendants filed their Answer denying all material allegations. [DE 18]. Thereafter, on March 20, 2024, Defendants filed an Amended Answer. [DE 20]. On March 28, 2024, Plaintiff filed an Amended Complaint. [DE 22].

On April 9, 2024, Defendants filed a Motion for Order Prohibiting Extrajudicial Statements, which has now been fully briefed and is presently before

1

the Court for consideration. [DE 23, 24, 30, 33]. On April 10, 2024, Defendants filed a Motion to Strike, which has now been fully briefed and is presently before the Court for consideration. [DE 25, 26, 32, 34]. Also on April 10, 2024, Defendants filed a Motion to Dismiss, which has now been fully briefed and is presently before the Court for consideration. [DE 27, 28, 31, 35].

Following consultation between counsel, on May 7, 2024, Plaintiff noticed the deposition of Trails Carolina's clinical director, Jeniveve Rollins, for May 20, 2024, and advised of the intention to notice the deposition of Trails Carolina's executive director, Jeremy Whitworth, for May 28, 2024.

## STATEMENT OF THE FACTS

In the pleadings, Plaintiff alleges claims of medical malpractice against the Defendants stemming from her enrollment at the Trails Carolina Program from May 6, 2016 to July 27, 2016 when she was twelve years old. [DE 1 ¶¶ 1, 32; DE 22 ¶¶ 1, 58]. At all times relevant to this action, Trails Carolina was a residential wilderness therapy treatment program located in Lake Toxaway, North Carolina, which provides therapeutic programs to adolescents dealing with a variety of mental health problems. Trails Carolina, LLC is a health care provider as that term is defined under N.C. Gen. Stat. § 90-21.11.

## LEGAL STANDARD

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense by forbidding or limiting the scope of discovery." *United Prop. & Cas. Ins. v. Couture*, No. 2:19-CV-01856-DCN, 2021 WL 5141292, at *2 (D.S.C. Nov. 4, 2021); Fed. R. Civ. P. 26(c)(1). The Western District of North Carolina has adopted a balancing test for protective orders under Rule 26(c). *See Snoznik v. JELD-WEN, INC.*, 259 F.R.D. 217, 222 (W.D.N.C. 2009) (*quoting Mannington Mills, Inc. v. Armstrong World Industries, Inc.*, 206 F.R.D. 525 (D.Del. 2002)). The Court must consider relevance, need, and harm when determining whether to enter a protective order. *Id.*

"[I]n determining good cause, a court will balance the interest of a party in obtaining the information versus the interest of his opponent in keeping the information confidential or in not requiring its production." *UAI Tech., Inc. v. Valutech, Inc.,* 122 F.R.D. 188, 191 (M.D.N.C. 1988). "In order to obtain a protective order prohibiting a deposition, the proponent must convince the Court that the information sought by the deposition lacks relevance to the extent that the likelihood and severity of the harm or injury caused by the deposition outweighs any need for the information." *Id.* Rule 26(c) confers broad discretion on the trial court to decide "when a protective order is appropriate and what degree of protection is

3

required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S. Ct. 2199, 2209, 81 L. Ed. 2d 17 (1984).

## ARGUMENT

Defendants respectfully submit that information or testimony pertaining to unrelated events in February 2024 at Trails Carolina and other minor enrollees' treatment at Trails Carolina post-dating Plaintiff's enrollment is not discoverable nor relevant to this action. However, even if the Court were to find this information relevant, "the simple fact that requested information is discoverable under Rule 26(a) does not mean that discovery must be had." *Nicholas v. Wyndham Int'l, Inc.*, 373 F.3d 537, 543 (4th Cir. 2004). "Instead, Rule 26(b) inserts a proportionality requirement into the amount and content of the discovery sought, and requires courts to consider the 'the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.'" *Jos. A. Bank Clothiers, Inc. v. J.A.B.-Columbia, Inc.,* No. CV ELH-15-3075, 2017 WL 75746, at *1 (D. Md. Jan. 6, 2017); Fed. R. Civ. P. 26(b)(1).

Defendants respectfully submit that witness testimony regarding an event that occurred eight years after Plaintiff's enrollment is not proportional to the needs of the case. Defendants further submit that any questioning on this unrelated event is

nothing more than an effort by Plaintiff to continue to litigate this case in the media. Additionally, the circumstances and complete facts relating to the event in February of 2024 have not been made public out of respect for the minor's family. Defendants submit allowing Plaintiff to delve further into this unrelated topic would have no admissible purpose in the instant case and only cause further harm to non-parties to the action by making private details the subject of testimony that Plaintiff's counsel clearly intends to feed to the media to continue fueling the media coverage of this case.

Rule 26(c) provides a protective order may be issued where good cause is shown to protect a party or person from unreasonable annoyance, embarrassment, oppression or undue burden or expense. *Williams v. State Farm Mut. Auto. Ins. Co.,* 67 N.C. App. 271, 273, 312 S.E.2d 905, 907 (1984)(upholding entry of a protective order where interrogatories and requests for production of documents were very broad, the moving party did not show that materials sought were relevant or necessary, and compliance with request for discovery would have been burdensome to the other party). If the discovery sought has no bearing on an issue of material fact, a protective order is proper. *Tilley v. United States*, 270 F. Supp. 2d 731, 735 (M.D.N.C. 2003), aff'd, 85 F. App'x 333 (4th Cir. 2004)(granting a motion for protective order where discovery sought relating to Internal Revenue Service's (IRS) administrative procedures had no bearing on issue of material fact); *see also Fulton*

*v. Nisbet,* No. CV 2:15-4355-RMG, 2018 WL 565265, at *6 (D.S.C. Jan. 25, 2018)(excluding evidence on a subsequent shooting incident upon finding the probative value was substantially outweighed by unfair prejudice). Defendants respectfully submit that any testimony on the treatment and/or enrollment of minors post-dating Plaintiff's enrollment has no bearing on any issue of material fact in this litigation. Further, Defendants submit that testimony on this topic would cause an undue burden on the Defendants and is not relevant nor necessary to the facts alleged in this case.

Additionally, the Defendants respectfully submit that witnesses cannot be questioned about the treatment of other minor enrollees at Trails Carolina <u>with identifying information</u> as such line of questioning would be a violation of HIPAA. "Congress enacted HIPAA, in part, to protect the security and privacy of individually identifiable health information." *United States v. Sutherland,* 143 F.Supp.2d. 609, 612 (W.D.Va.2001); 45 C.F.R. § 164.501 et. seq. Although, the parties have discussed a consent Qualified Protective Order, Plaintiff's counsel has not responded to Defendant's proposed edits and, as it stands, there is no order entered which would allow testimony on the private health information of other minor enrollees at Trails Carolina.

Based on the foregoing, Defendants respectfully request that the Court enter a Protective Order, prohibiting Plaintiff from questioning witnesses on an unrelated

incident at Trails Carolina in February of 2024 and on other minor enrollees' treatment at Trails Carolina.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court enter a Protective Order, prohibiting Plaintiff from questioning witnesses on an unrelated incident at Trails Carolina in February of 2024 and on other minor enrollees' treatment at Trails Carolina.

**WHEREFORE**, Defendants respectfully request that the Court enter a Protective Order, prohibiting Plaintiff from questioning witnesses on an unrelated incident at Trails Carolina in February of 2024 and on other minor enrollees' treatment at Trails Carolina.

**This the 8th day of May, 2024.**

/s/DAVID L. LEVY
David L. Levy
NC State Bar No. 34060
/s/KRISTY M. D'AMBROSIO
Kristy M. D'Ambrosio
NC State Bar No. 52817
Hedrick Gardner Kincheloe & Garofalo, LLP
4201 Congress Street, Suite 300
Charlotte, NC 28209
Phone: 704-319-5426
Fax: 704-602-8178
dlevy@hedrickgardner.com
kdambrosio@hedrickgardner.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing *Defendants' Memorandum of Law in Support of Motion for Protective Order* was served upon all counsel of Record via CM/ECF system.

This the 8th day of May, 2024.

/s/DAVID L. LEVY
David L. Levy
NC State Bar No. 34060