UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:24-CV-00046-MOC-WCM

| | |
|---|---|
| GERTRUDE A. SIEGEL,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>TRAILS CAROLINA, LLC,<br>WILDERNESS TRAINING &<br>CONSULTING, LLC, AND DERRY C.<br>O'KANE,<br><br>　　　　　　　　　　Defendants. | **DEFENDANTS' REPLY<br>IN SUPPORT OF<br>MOTION FOR<br>PROTECTIVE ORDER** |

**NOW COME** Defendants Trails Carolina, LLC, Wilderness Training & Consulting, LLC, and Derry C. O'Kane, (hereinafter collectively "Defendants"), by and through counsel, and submit this reply in support of Defendants' Motion for Protective Order.

## ARGUMENT

Contrary to Plaintiff's representations, this Motion is ripe for the Court's consideration given Plaintiff's proclivity to referencing the unrelated events of February 2024 at Trails Carolina in her pleadings and throughout motion briefing. This is further evidenced by Plaintiff's opposition to this Motion, which continues to outline a number of unrelated events occurring prior to and after her enrollment at Trails Carolina. Plaintiff's motion briefs continue to apparently be made for media consumption rather than consideration by this Court. Further, as depositions of

1

employees of Trails Carolina were noticed at the time of filing, Defendants' Motion was both timely and necessary.[1] Given the history in this litigation, it was appropriate for Defendants to seek Court intervention as to a topic that Plaintiff may inquire into at the depositions. Defendants made this Motion in an attempt to keep discovery moving in the case without having to re-open depositions at a later date.

Defendants' Motion is narrowly tailored to request that the Court prohibit inquiries into the circumstances and facts related to the death of an enrollee at Trails Carolina in February of 2024. For Plaintiff's counsel to play coy and claim that the relief sought was unclear is disingenuous.

Defendants note in their brief that there is currently no Qualified Protective Order in place in this case; although, the parties have exchanged proposed drafts. Without a Qualified Protective Order, Defendants appropriately sought to limit any testimony regarding the private health information of other minor enrollees at Trails Carolina, which would be in violation of HIPAA. Until the parties come to an agreement as to the terms of a Qualified Protective Order or the Court enters one, inquiry into this topic at depositions cannot be permitted. Therefore, Defendants respectfully request that the Court grant their Motion for Protective Order, in its entirety.

---

[1] Defendants note for the Court that the deposition of Jeniveve Rollins took place as scheduled on May 20, 2024. During said deposition, Plaintiff's counsel did not pose any questions on the events of February 2024. The instant Motion remains necessary as Jeremy Whitworth's deposition is scheduled for May 28, 2024 and Defendants request the same Protective Order as to any subsequently noticed witnesses.

2

## CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court grant their Motion in its entirety.

**This the 22nd day of May, 2024.**

> **/s/DAVID L. LEVY**
> **David L. Levy**
> **NC State Bar No. 34060**
> **/s/KRISTY M. D'AMBROSIO**
> **Kristy M. D'Ambrosio**
> **NC State Bar No. 52817**
> **Hedrick Gardner Kincheloe & Garofalo, LLP**
> **4201 Congress Street, Suite 300**
> **Charlotte, NC 28209**
> **Phone: 704-319-5426**
> **Fax: 704-602-8178**
> **dlevy@hedrickgardner.com**
> **kdambrosio@hedrickgardner.com**
> *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on May 22, 2024, a copy of the foregoing *Reply in Support of Defendants' Motion for Protective Order* was served upon all counsel of Record via the CM/ECF system.

**/s/DAVID L. LEVY**
**David L. Levy**
**NC State Bar No. 34060**
