# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:24-CV-00046-MOC-WCM

| | |
|---|---|
| **GERTRUDE A. SIEGEL,**<br><br>                     **Plaintiff,**<br><br>v.<br><br>**TRAILS CAROLINA, LLC, WILDERNESS TRAINING & CONSULTING, LLC, and DERRY C. O'KANE,**<br><br>                     **Defendants.** | **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL** |

**NOW COME** Defendants Trails Carolina, LLC, Wilderness Training & Consulting, LLC, and Derry C. O'Kane, (hereinafter "Defendants"), by and through their undersigned counsel, and submit this brief in support of Defendants' Motion to Compel, pursuant to Federal Rules of Civil Procedure 26, 33, 34, and 37. Defendants' counsels have attempted to confer in good faith with Plaintiff's counsel to resolve areas of disagreement pursuant to LCvR 7.1; however, all efforts have been futile and, regrettably, Defendants have been left with no alternative but to seek court intervention at this time.

## BACKGROUND

Trails Carolina is a residential wilderness therapy treatment program located in Lake Toxaway, North Carolina, which provides therapeutic programs to adolescents dealing with a variety of mental health problems. Plaintiff Gertrude

1

Siegel was enrolled at Trails Carolina from May 6, 2016 to July 27, 2016. [DE 22 ¶ 58]. During her enrollment at Trails Carolina, Plaintiff contends that Defendants fostered an environment that allowed her to allegedly be sexually assaulted by another student. Defendants vehemently deny these allegations.

## PROCEDURAL HISTORY

On or about February 10, 2024, Plaintiff filed the instant action alleging causes of action for negligence, gross negligence, and violation of the unfair deceptive trade practices under N.C.G.S. § 75-1.1 et. seq. [DE 1].

On March 6, 2024, Defendants filed their Answer denying all material allegations. [DE 18]. Thereafter, on March 20, 2024, Defendants filed an Amended Answer. [DE 20]. On March 28, 2024, Plaintiff filed an Amended Complaint. [DE 22].

On April 9, 2024, Defendants filed a Motion for Order Prohibiting Extrajudicial Statements, which has now been fully briefed and is presently before the Court for consideration. [DE 23, 24, 30, 33].

On April 10, 2024, Defendants filed a Motion to Strike, which has now been fully briefed and is presently before the Court for consideration. [DE 25, 26, 32, 34]. Also on April 10, 2024, Defendants filed a Motion to Dismiss, which has now been fully briefed and is presently before the Court for consideration. [DE 27, 28, 31, 35].

On April 12, 2024, Defendant Trails Carolina served Plaintiff with Defendant's First Set of Interrogatories and Requests for Production. [Exh. A - Defendant's First Set of Interrogatories and Requests for Production].

On May 8, 2024, Defendants filed a Motion for Protective Order, which has now been fully briefed and is presently before the Court for consideration. [DE 36, 37, 38, 39].

On May 13, 2024, Plaintiff served her responses to Defendant's initial discovery. [Exh. B – Plaintiff's Answer to Interrogatories & Exh. C – Plaintiff's Responses to Requests for Production].

Upon reviewing Plaintiff's responses, Defendants' counsel identified a number of deficiencies and made Plaintiff aware of said deficiencies in written correspondence dated May 22, 2024. [Exh. D – 5/22/24 Good Faith Correspondence]. In said correspondence, Defendant specifically outlined the following deficiencies, which remain outstanding as of the filing of this motion:

1. <u>INT 6:</u> Please clarify whether you are claiming that you did not have any treatment post-enrollment from Trails Carolina for the alleged injuries sustained during enrollment. If so, please state the providers.

2. <u>INT 9/RPD 3:</u> Please provide the billing records for Plaintiff's treatment at Lydia Bohn, Naomi Shapiro, Dr. Mel Houser, and Dr. Sierra Miller.

3. <u>INT 11/RPD 5 & 6:</u> Please provide any responsive information and documents relating to plaintiff's physical, mental, and emotional health treatment since May 6, 2011, including but not limited to records from Dr. Erica Gibson, The Stern Center, Jarrett House, Heather Washburn, UVM Pediatric Psychiatry, Julia Knight, Gloria Seidler, Amber Minton, Molly

3

Case 1:24-cv-00046-MOC-SCR    Document 44    Filed 06/03/24    Page 3 of 9

Shriver-Blake, and Sharon McCallie-Steller. These records are clearly discoverable given the nature of the allegations and alleged injuries. If these records are not currently in your possession, please provide a release so that our office can obtain them.

4. <u>RPD 16:</u> Please provide a complete response to this Request or, in the alternative, provide our office with a release to obtain complete Plaintiff's school records.

5. <u>RPD 17:</u> Please provide complete copies of the communications between Trails Carolina staff and Rachel Siegel, which Plaintiff claims that she has access to in the communications with Lily McNeil disclosed in Plaintiff's First Document Production.

6. Request for unredacted versions of bates 1490, 1495, 1501, and 1502, which are communications between Plaintiff and non-party Lily McNeil.

7. Copies of the text message communications between Plaintiff and non-party Sofia Damico.

On May 24, 2024, Plaintiff responded to Defendants' good faith correspondence refusing to provide any supplementation of her discovery responses other than providing additional records from Lakeside Pharmacy and All Brains Belong. [Exh. E- 5/24/24 Correspondence from S. Blake]. Therefore, Defendants' counsel has been unsuccessful in reaching a resolution with Plaintiff's counsel and now must seek court intervention.

## ARGUMENT

Defendants respectfully move the Court to enter a motion to compel Plaintiff to provide complete discovery responses as outlined in Defendant's May 22nd correspondence. Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons have knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in this action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). Rule 26 expressly permits discovery of any matter that is relevant to the claim or defense of any party and relevancy has been broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party. *Merrill v. Waffle House, Inc.,* 227 F.R.D. 467, 473 (N.D. Tex. 2005); see also *Equal Emp. Opportunity Comm'n v. Sheffield Fin., LLC*, No. 1:06CV00889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007).

Fed. R. Civ. P. 37(a)(2)(B) provides, in pertinent part, that if a party declines to answer an interrogatory or request for production, the serving party "may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request." Fed. R. Civ. P. 37(a)(2)(B). The party opposing the motion to compel bears the burden of proving why the motion should not be granted. *Kinetic Concepts, Inc. v. ConvaTec Inc.,* 268 F.R.D. 226, 243 (M.D.N.C. 2010); *see also Rogers v. Tri-State Materials Corp.,* 51 F.R.D. 234, 247 (N.D.W. Va. 1970). The district court has substantial discretion in managing discovery. *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d

922, 929 (4th Cir. 1995); *see also Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992).

Plaintiff's pre- and post-incident medical and academic records are clearly relevant to Plaintiff's claims and alleged damages within the meaning of Rule 26. Plaintiff alleges that she has suffered "grievous bodily injury, PTSD, dissociative symptoms, eating disorder, panic attacks triggered by stimuli that reminds her or her experience at Trails Carolina, self-hatred and loathing, emotional pain and suffering." [DE 22 ¶].

Plaintiff has put her physical and mental health at issue in this lawsuit. Trails Carolina's program provides services to adolescents dealing with a variety of mental health problems. By nature of her enrollment at the program, Plaintiff had pre-existing mental health issues. Defendants' request for pre-accident records is narrowly limited to the time period of five years prior to the alleged incident giving rise to this lawsuit. Given the nature of the allegations alleged and underlying pre-existing mental health condition, Defendants submit that this time frame is reasonable and relevant to alleged claims and damages. Furthermore, the limited post-accident records that have been provided reference ongoing academic issues. Plaintiff continued to attend residential therapeutic boarding schools following her enrollment at Trails Carolina. Defendants respectfully submit that these academic records are relevant and material to this action and should be produced.

6

Additionally, Plaintiff has provided no response to Defendants' request for the unredacted versions of conversations between Plaintiff and non-party Lily McNeil nor the request for text message conversations between Plaintiff and non-party Sofia Damico. Defendants respectfully submit that these records are discoverable and should be produced.

Plaintiff's failure to provide these discoverable records is significantly delaying the case progression and will materially prejudice Defendants in defense of this action if it is allowed to continue.

Based on the foregoing, Defendants respectfully submit that the Court should enter an order directing Plaintiff to provide all outstanding pre- and post-incident medical and academic records.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court grant their Motion to Compel, pursuant to Federal Rule of Civil Procedure 37.

**This the 3rd day of June, 2024.**

/s/DAVID L. LEVY
David L. Levy
NC State Bar No. 34060
/s/KRISTY M. D'AMBROSIO
Kristy M. D'Ambrosio
NC State Bar No. 52817
Hedrick Gardner Kincheloe &
Garofalo, LLP
4201 Congress Street, Suite 300
Charlotte, NC 28209

Phone:  704-319-5426  
Fax:  704-602-8178  
dlevy@hedrickgardner.com  
kdambrosio@hedrickgardner.com  
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on June 3, 2024, a copy of the foregoing *Memorandum of Law in Support of Defendants' Motion to Compel* was served upon all counsel of Record via the CM/ECF system.

      /s/DAVID L. LEVY
**David L. Levy**
**NC State Bar No. 34060**