UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:24-CV-00046-MOC-WCM

| | |
|---|---|
| **GERTRUDE A. SIEGEL,**<br><br>              Plaintiff,<br><br>v.<br><br>**TRAILS CAROLINA, LLC, WILDERNESS TRAINING CONSULTING, LLC, AND DERRY C. O'KANE,**<br><br>              Defendants. | **DEFENDANT TRAILS CAROLINA, LLC'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO PLAINTIFF** |

  **PLEASE TAKE NOTICE THAT,** pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, you are hereby requested to serve answers, under oath and within thirty (30) days, to the following interrogatories. These interrogatories shall be deemed to be continuing in nature and should the answers to any of these interrogatories change prior to the time of trial, you shall give notice of all changes.

## DEFINITIONS

  The following definitions apply to each of the Interrogatories and Requests for Production of Documents set forth herein and are deemed to be incorporated in each Interrogatory and Request.

  1. The terms "**you**" or "**your**" or "**Plaintiff**" shall mean the party to whom these discovery requests are directed as well as any and all persons or entities acting on that party's behalf including, without limitation, agents, representatives, attorneys, experts, investigators or other persons who have gathered information concerning the subject matter of this litigation on that party's behalf or at their request. In the case of corporations or other entities, the terms "you" or "your" or "Plaintiff" shall further include any and all present and former agents, employees, representatives, subsidiaries, affiliates, predecessors in interest, and assigns.

  2. The term "**Defendants**" shall refer to Defendants Trails Carolina, LLC, Wilderness Training & Consulting, LLC, and Derry C. O'Kane and any person acting on his/her/its behalf including, without limitation, agents, employees, representatives, insurers, or attorneys.

  3. The terms "**person**" or "**persons**" shall mean and include any natural person, corporation, governmental entity, and every other form of legal entity or division thereof.

  4. The term "**Incident**" shall refer to the alleged incident referred to in the pleadings in this action.

  5. The term "**describe**" means to provide fully and with as much detail and specificity as possible the information requested, state any facts or opinions related to such knowledge or information, identify other persons known to you to also possess such knowledge or information, and identify any documents evidencing, reflecting or pertaining to the information provided.

1

Case 1:24-cv-00046-MOC-SCR Document 44-1 Filed 06/03/24 Page 1 of 9

**EXHIBIT A**

6. The terms "**document**" or "**documents**" shall be used in their broadest sense to refer to any and all printed, typed or recorded matter subject to discovery under Rule 33 of the North Carolina Rules of Civil Procedure, whether maintained in paper or electronic form, including all drafts, non-identical copies, and any attachments or appendices thereto. Without limiting the foregoing, the terms "document" or "documents" shall include all letters, agreements, memoranda, notes, reports, correspondence, films, books, facsimile transmissions, summaries, diagrams, ledgers, photographs, sketches, invoices, receipts, audio recordings, electronic correspondence, computer files or records, contracts, affidavits, written statements of witnesses or other persons having knowledge of facts relevant to this action, memorials of personal conversations or interviews, telephone logs, summaries, drafts, notes and other written or printed materials responsive to the specific question.

7. When used with respect to a document, the term "**identify**" means to state: (1) the date of the document or the date it was created or received; (2) the author or originator of the document; (3) the type of document *i.e.,* whether it is a letter, memorandum, report, etc.; (4) the substance of the document; (5) the recipient or addressee of the document, where applicable; (6) the current location and custodian of each copy of the document; and (7) any and all other information necessary to adequately and completely identify the document for purposes of a Request for Production of Documents or Subpoena Duces Tecum.

8. When used with respect to a person, the term "**identify**" means to state the person's full name and present or last known address or residence, the person's current employer and business address, and the person's home, business, and cellular telephone numbers. If the person is a corporation or other entity, "identify' means to state its full name, the nature of its organization, the state under which it was organized, and the address of its principal place of business. If any of the above information is not available to you, state any other available means of identifying such person or entity.

9. When used with respect to a communication, the term "**identify**" means the party shall state: (1) the person making or generating the communication; (2) all person(s) to whom the communication was made or directed; (3) the medium of the communication; e.g. telephone conference, letter, electronic communication, etc.; (4) the date(s) of such communication; and (5) the subject matter of such communication.

## INSTRUCTIONS

1. Set forth your answer to each Interrogatory and Request for Production separately and fully. As to any Interrogatory or Request that you refuse to answer in whole or in part for any reason, state each ground for your refusal to answer. Where you believe that a complete answer to a particular Interrogatory or Request or part thereof is not possible, answer to the extent possible and provide an explanation for your inability to answer further.

2. If you object or refuse to answer, in whole or in part, any Interrogatory or Request based on an assertion of attorney-client, work product, or other immunity or privilege, provide along with your responses to these discovery Requests a discovery privilege log identifying all documents or information withheld and the specific privilege asserted as to each. Where documents are withheld based on an assertion or privilege, identify the author and recipient(s) of such document, the date and general subject matter of the document, and identify each and every person who has seen the document. Where you claim privilege for oral communications, state the

general subject matter of the communication, identify each person present during the communication, and identify each person to whom the subject of the communication has been disclosed.

3. For each Interrogatory, identify all documents to which you referred or relied upon to answer that Interrogatory. Wherever the identification of documents is called for in these Interrogatories, you may, in lieu of such identification, attach a complete and legible copy of said document to the Interrogatory responses and indicate the specific Interrogatory question to which the attached document is intended to be responsive.

4. Where you are requested to produce documents or things in response to these discovery requests, you are to produce all documents or things known to you and in your possession, custody, or control, including those documents or things in the possession of your attorneys, agents, employees, or anyone acting on your behalf.

5. In answering these discovery requests, furnish such information as is available to you, not merely such information as is of your own knowledge. This means you are to furnish information which is known by, available to or in possession of your employees, representatives, servants or agents, including your attorney (unless privileged) or any agent or investigator for you or your attorney (unless privileged).

6. If you are aware of any document, item, or thing responsive to these discovery requests which once existed but is no longer available, state the reason such document is no longer available and identify any persons having information regarding the document or item's prior existence or its disposition or loss. For any document or item which has been destroyed, identify the date it was destroyed, the person who destroyed it, the reason it was destroyed, and the facts and circumstances under which it was destroyed.

**NOTE: These interrogatories of the Defendant are to be considered as continuing interrogatories, requiring that you furnish to the undersigned information as you acquire it which, if you had such information in your possession at the time you were served with these interrogatories, would have been included and required in your answers to said interrogatories.**

## INTERROGATORIES

1. Please identify yourself by stating your full name, age, residence address(es) for the past ten (10) years, business or occupation, business address, date of birth, marital status and any previous names you have used.

   **ANSWER:**


2. Please identify any person or persons who saw or witnessed the alleged Incident which is the subject of this lawsuit. In your answer, please include what each witness has told you, your attorney, or any other representative about the occurrence.

   **ANSWER:**

3. Please identify any person or persons not previously identified who otherwise has knowledge of the facts which make the basis of Plaintiff's Complaint. In your answer, please include what each witness has told you, your attorney, or any other representative about the occurrence.

   **ANSWER:**

4. State the substance of any conversation you had with Defendants or Defendants' representatives, agents, or servants regarding the alleged Incident. Include the date thereof and indicate who said what to whom.

   **ANSWER:**

5. State specifically what injuries you sustained as a result of the alleged Incident.

   **ANSWER:**

6. State the name and address for each hospital, if any, that you were examined or treated in for your injuries sustained from the alleged Incident to include the dates of treatment.

   **ANSWER:**

7. Identify by name, address and phone number all the physicians, chiropractors, dentists, psychologists, rehabilitative specialists and other health care providers who examined or treated you as a result of any injuries sustained from the alleged Incident.

   **ANSWER:**

8. State whether or not you have been released from the care of each and all of the above-referenced health care providers referred to in the previous Interrogatory.

   **ANSWER:**

9. List all alleged medical expenses that you have incurred or that you know that you will incur as a result of any injuries sustained by you from the alleged Incident. The list should include separate figures for each of the above-referenced health care providers. For medical expenses that have been paid or satisfied, the list should include the amounts actually paid to satisfy the bills. For medical expenses that have been incurred but <u>not</u> yet been paid or satisfied, the list should include the amounts actually necessary to satisfy the bills. (*See* N.C. Gen. Stat. § 8C-1, Rule 414.)

   **ANSWER:**

10. Describe present physical, mental or emotional complaints that you contend you have as a result of the Incident.

    **ANSWER:**

11. Other than injuries associated with the subject incident, describe all physical, mental, or emotional injuries or illnesses that you have had since **May 6, 2011** (whether sustained before or after the Incident). The answer should include the dates that the injuries or illnesses occurred, the health care providers who treated you, and the dates of recovery, if any.

    **ANSWER:**

12. Do you allege that you have suffered permanent injuries as a result of the Incident? If so, please state exactly what permanent injuries you allege to have suffered, the nature and extent of said permanent injury, and the name, address and medical specialty of each physician who has indicated to you or your attorney that you have suffered a permanent injury as a result of the alleged incident.

    **ANSWER:**

13. State the date, time, and manner in which you gave notice to Trails Carolina, Derry C. O'Kane or Wilderness Training & Consulting, LLC of the alleged sexual abuse that you experienced by another student in the program. In your answer, please identify the staff member or members that you provided this notice to.

    **ANSWER:**

14. Have you, since the date of the incident until the present time, maintained or published an account or profile on a social networking website (such as Facebook, Instagram, LinkedIn, Twitter, etc.)? If so, for each such account or profile, identify your user name and all photographical or textual communications made by you or directed to you which references this incident, this civil suit, and any property damage or injuries sustained by you or any other party in relation to the incident.

    **ANSWER:**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**NOW COMES** the Defendant Trails Carolina, LLC, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and requests the Plaintiff produce the following documents at the offices of Hedrick Gardner Kincheloe & Garofalo LLP, 4201 Congress St, Suite 300, Charlotte, NC 28209, no later than thirty (30) days after service hereof, or at such other time and place as may be mutually agreed upon by counsel.

**(NOTE: These requests of the Defendant are to be considered as continuing interrogatories, requiring that you furnish or produce to the undersigned documents as you acquire them which, if you had such documents in your possession at the time you were served with these requests, would have been included and required in your responses to said requests.)**

1. Copies of any and all documents referred to in your Responses to Defendant's First Set of Interrogatories.

    **RESPONSE:**

2. A copy of any statement taken by you, your attorneys, or anyone acting on your behalf, or any statement known to you to exist which was taken from any Defendants or Defendants' agents or employees.

**RESPONSE:**

3. All expense statements, bills, or other documents pertaining to or setting forth charges incurred by you for, or in connection with, medical and/or chiropractic examination and/or treatment for any injuries resulting from the Incident.

**RESPONSE:**

4. Copies of any and all reports, office notes, questionnaires, intake sheets, and records of any type from any hospital, physician, chiropractor, psychologist, counselor, dentist, or other health care provider or facility where or by whom you were examined or received treatment for your alleged injuries from the Incident.

**RESPONSE:**

5. Copies of any and all reports, office notes, questionnaires, intake sheets, or other records of any type from your internist, family physician, or primary care physician since **May 6, 2011**, including, but not limited to, your most recent physical examination prior to the Incident and any questionnaires completed in connection with said physical examination.

**RESPONSE:**

6. Copies of any and all reports, office notes, questionnaires, intake sheets, or other records of any type from any hospital, physician, chiropractor or other health care provider where or by whom you were examined or received treatment for any injury or illness sustained since **May 6, 2011**, including but not limited to Dr. Erica Gibson, The Stern Center, Jarrett House, Heather Washburn, UVM Pediatric Psychiatry, Julia Knight, Gloria Seidler, and Amber Minton.

**RESPONSE:**

7. Copies of any and all correspondences, communications, and/or reports between plaintiff, plaintiff's legal guardians, and educational consultant Kris Karge of New Chapter Consulting.

**RESPONSE:**

8. Copies of any and all records, reports, lists, or other documents indicating prescriptions that have been filled from any pharmacy that you have used since **May 6, 2011**.

**RESPONSE:**

9. Copies of any policies of insurance that provided you with medical coverage at the time of the Incident.

**RESPONSE:**

10. Copies of all health insurance explanation of benefits from any hospital, physician, chiropractor, psychologist, counselor, dentist, or other health care provider where or by whom you were examined or received treatment for the injuries which you allege that you sustained in the Incident.

**RESPONSE**:

11. Copies of all Explanations of Benefits paid by your health insurance carrier (including Medicare and Medicaid) for medical or healthcare treatment of your alleged injuries from the Incident.

**RESPONSE**:

12. Copies of any and all documents submitted by you or your attorney to each person you expect to call as an expert witness at the trial of this action.

**RESPONSE:**

13. Copies of any and all documents received by you or your attorney from each person you expect to call as an expert witness of the trial of this action.

**RESPONSE:**

14. Copies of all documents related to this claim reviewed by, relied upon by, or prepared generated by each person you expect to call as an expert witness at the trial of this action.

**RESPONSE:**

15. Copies of a current resume or curriculum vitae (CV) for each person you expect to call as an expert witness at the trial of this action. (NOTE: There is no need to provide a CV for treating physicians or healthcare providers.)

**RESPONSE:**

16. Copies of any all transcripts and/or educational records from any school, boarding school, college, university, and/or other educational facility that you attended from May 6, 2011 to present, including but not limited to Hunts Middle School, Sustainability Academy, The Bellwether School, CP Smith Elementary School, and Moonridge Academy.

**RESPONSE:**

17. Copies of any correspondences between Plaintiff and her family members, including but not limited to Rachel Siegel and Jules Fishelman during Plaintiff's enrollment at Trails Carolina in 2016.

**RESPONSE:**

18. Copies of any correspondences, electronic or otherwise, between Derry O'Kane and Plaintiff's legal guardians and/or parents Rachel Siegel and Jules Fishelman during Plaintiff's enrollment at Trails Carolina in 2016.

**RESPONSE:**

19. Copies of any communications that you, or anyone on your behalf, had with Derry O'Kane following the completion of your enrollment at Trails Carolina, including but not limited to emails, Instagram messages, whatsapp messages, and psychology today messages.

**RESPONSE:**

20. Copies of any and all postings, descriptions, communications, or other documents of the Incident or your injuries made by you on a social networking website (such as Facebook, Instagram, LinkedIn, Twitter, etc.). **(NOTE: You are instructed not to destroy or delete any such postings, descriptions, communications, or documents. Doing so will constitute spoliation of evidence.)**

**RESPONSE:**

This the 12th Fri of April, 2024.

        **HEDRICK GARDNER KINCHELOE & GAROFALO LLP**

**By:** /s/ KRISTY M. D'AMBROSIO
        **Kristy M. D'Ambrosio**
        NC State Bar No. 52817
        **David L. Levy**
        NC State Bar No. 34060
        **HEDRICK GARDNER KINCHELOE & GAROFALO, LLP**
        4201 Congress Street, Suite 300
        Charlotte, NC 28209
        Phone: 704-319-5426
        Fax: 704-602-8178
        Email: dlevy@hedrickgardner.com
        kdambrosio@hedrickgardner.com
        *Attorneys for Defendant Trails Carolina, LLC, Wilderness Training & Consulting, LLC, and Derry C. O'Kane*

# CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document, *Defendant Trails Carolina, LLC's First Set of Interrogatories and Requests for Production to Plaintiff*, was served upon all counsel of Record

☒ as an attachment to an electronic correspondence

☐ by depositing a copy of the same in an official depository of the United States mail in a postage-paid envelope

☒ via facsimile, or

☐ by hand delivery

addressed as follows:

> Shaun C. Blake (NC Bar #35819)
> Jenkins M. Mann (pro hac vice pending)
> Rogers Lewis Jackson Mann & Quinn LLC
> 1901 Main Street, Suite 1205
> Columbia, SC 29201
> sblake@rogerslewis.com
> jmann@rogerslewis.com
> F: (803) 252-3653
> Attorneys for Plaintiff

This the 12th day of April, 2024.

/s/KRISTY M. D'AMBROSIO
Kristy M. D'Ambrosio