UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| Gertrude A. Siegel,<br><br>           Plaintiff,<br>v.<br><br>Trails Carolina, LLC, Wilderness Training & Consulting, LLC, and Derry C. O'Kane,<br><br>           Defendants. | C/A No. 1:24-CV-00046-MOC-WCM<br><br>**PLAINTIFF'S ANSWERS TO DEFENDANT TRAILS CAROLINA, LLC'S FIRST SET OF INTERROGATORIES** |

  1.  Please identify yourself by stating your full name, age, residence address(es) for the past ten (10) years, business or occupation, business address, date of birth, marital status and any previous names you have used.

  **ANSWER: Plaintiff's name is Gertrude Arrean Siegel ("Gertie"). Gertie is 20 years old, and her birth date is 12/14/2003. Gertie's address is 71-73 Elmwood Avenue, Apartment 13, Burlington, VT 05401. Gertie works as a Server at Converse Home located at 272 Church Street, Burlington, VT 05401. Gertie is not married.**

  2. Please identify any person or persons who saw or witnessed the alleged Incident which is the subject of this lawsuit. In your answer, please include what each witness has told you, your attorney, or any other representative about the occurrence.

  **ANSWER: <u>Objection</u>. The undersigned objects to this request due to the vague use of the capitalized term "incident." Gertie's claim against the Defendants arises out of the abuse and neglect she suffered while she was admitted as a "student" at Trails Carolina in 2016, there is not a singular "incident" at issue in this case. Gertie interprets this interrogatory as asking for identification of persons who saw or witnessed the abuse and neglect she experienced while at Trails Carolina.**

  **The undersigned further objects to this interrogatory because it improperly invades the attorney-client privilege and the work product doctrine by asking Gertie's attorneys to discuss their recollections of interviews that were conducted in furtherance of this litigation. In addition to having interviews with their clients – Gertie, Rachel Siegel, and Jules Fishelman – Gertie's attorneys have also conducted interviews of Abby Mynahan, Autumn Joy Davis, Sandra Vail, and Andrew Kerbs since being retained to pursue this lawsuit for Gertie. Under well-established Fourth Circuit doctrine, Defendants are not entitled to have Gertie's counsel fill out an interrogatory describing what each witness has told the attorneys:**

> **In our view, <u>Upjohn</u> and <u>Hickman</u> make clear that a lawyer's recollection of a witness interview constitutes opinion work product entitled to heightened protections. It does not matter whether an attorney draws on her memories, as**

EXHIBIT B

opposed to written notes, in recalling what was said; the opinion-work-product privilege offers increased protection to both sources because both require disclosure of the attorney's mental processes. <u>Upjohn</u>, 449 U.S. at 399-400 (explaining that "[f]orcing" disclosure of oral witness statements is particularly disfavored); <u>Hickman</u>, 329 U.S. at 513 (explaining the impropriety of "forc[ing] the attorney to testify as to what he remembers or what he saw fit to write down regarding witnesses' remarks" (emphasis added)).

As Justice Jackson explained in <u>Hickman</u>, "Even if [an attorney's] recollection were perfect, the statement would be his language permeated with his inferences." 329 U.S. at 516-17 (Jackson, J., concurring). For most lawyers, imperfect recitations from memory of what a witness said would inevitably reveal what the attorney deemed important enough to remember. Accordingly, we draw a line between asking an attorney to divulge facts—either noticed by or communicated to her—and (as the government seeks to do here) asking an attorney to recall generally what was said in an interview. While it may be characterized as a "fact," the latter requires the attorney to expose her mental processes by revealing which witness statements she deemed important enough to commit to memory and is therefore opinion work product.

<u>Grand Jury Subpoena v. United States</u>, 870 F.3d 312, 317-18 (4th Cir. 2017).

Subject to this objection, Gertie responds as follows:

a. Derry C. O'Kane
Therapist at Trails Carolina in 2016
Last known address and cellular number only in Defendants' possession.

Either the morning after Gertie was raped by Kate Davis or the following morning, Gertie reported Kate's conduct to Derry O'Kane. Derry O'Kane asked Gertie if she remembered directly using the word "no" to Kate. Gertie could not recall if she used the exact word "no," but she told Derry O'Kane that she repeatedly told Kate she shouldn't do this, that she was tired and she just wanted to sleep, and that Kate should stop, but that Kate kept shaking her awake, prodding her, performing oral sex on her and sexually touching her without her consent. During this discussion Derry O'Kane made Gertie promise not to tell anyone else what Kate did to her, and she told Gertie that was to blame for what happened to her, and that telling anyone else what Kate did would result in Kate being bullied, which would be Gertie's fault.

After Samantha reported to the field staff what Kate did to Gertie, and the field staff reported to Derry O'Kane what Gertie had journaled about being raped by Kate, Derry O'Kane became angry at Gertie and told her that crossing physical boundaries was not okay, but that what Gertie did was worse because she created additional drama by telling other kids what happened to her.

In 2021, Gertie sent Derry O'Kane a text asking her why she blamed Gertie for what happened. See SIEGEL_001441-001455 (WhatsApp messages between Derry O'Kane and Gertie.)

b. **Ella Petterson**
   **Field Staff Member at Trails Carolina in 2016**
   **Last known address and cellular number only in Defendants' possession.**

   **As a member of the field staff assigned to Foxtrot, Ella witnessed much of the physical and mental abuse and neglect Gertie suffered at Trails.**

c. **Morgan (Last Name Unknown)**
   **Field Staff Member at Trails Carolina in 2016**
   **Last known address and cellular number only in Defendants' possession.**

   **As a member of the field staff assigned to Foxtrot, Morgan witnessed much of the physical and mental abuse and neglect Gertie suffered at Trails.**

d. **La'Niece Blessing**
   **Field Staff Member at Trails Carolina in 2016**
   **Last known address and cellular number only in Defendants' possession.**

   **As a member of the field staff assigned to Foxtrot, La'Niece witnessed much of the physical and mental abuse and neglect Gertie suffered at Trails.**

e. **Abby Mynahan**
   **"Mentor" at Trails Carolina in 2016**
   **161 S Huntington Avenue**
   **Boston, MA 02130**
   **781-707-6867**

   **Gertie reported to Abby Mynahan the facts surrounding Kate's sexual assault of Gertie. Gertie disclosed what happened to Abby, who assured Gertie that this was in fact a sexual assault and that it was not okay.**

f. **Samantha Grainer**
   **"Student" at Trails Carolina in 2016**
   **Last known address and cellular number only in Defendants' possession.**

   **Samantha Grainer is "Victim #2" in the Complaint. Samantha Grainer disclosed her sexual assault to Gertie prior to Gertie's assault. Samantha Grainer also saw Gertie's journalling about Kate's assault of Gertie after the fact and made the entire Foxtrot Group, including Liz, Sarah, Ella and maybe Nathan, aware of what had happened to Gertie in the assault. Also, as a student in Foxtrot, Samanthia witnessed much of the abuse and neglect Gertie suffered at Trails.**

g. **Kaitlyn Verhoest**

"Student" at Trails Carolina in 2016
908-270-1897
Last known address only in Defendants' possession.

As a student in Foxtrot, Kaitlyn witnessed much of the physical and mental abuse and neglect Gertie suffered at Trails.

h.  **Allie Barnett**
"Student" at Trails Carolina in 2016
Last known address and cellular number only in Defendants' possession.

As a student in Foxtrot, Allie witnessed much of the physical and mental abuse and neglect Gertie suffered at Trails. Since leaving Trails, Gertie has communicated on occasion with Allie through Instagram. The responsive communications are produced contemporaneously herewith.

i.  **Charlie Zimmerman**
"Student" at Trails Carolina in 2016
Last known address and cellular number only in Defendants' possession.

As a student in Foxtrot, Charlie witnessed much of the physical and mental abuse and neglect Gertie suffered at Trails.

j.  **Aimee Grace Murray**
"Student" at Trails Carolina in 2016
Last known address and cellular number only in Defendants' possession.

As a student in Foxtrot, Aimee Grace witnessed much of the physical and mental abuse and neglect Gertie suffered at Trails. Since leaving Trails, Gertie has communicated with Aimee Grace through the application Snapchat on occasion. Gertie is producing contemporaneously herewith the responsive communications she has had with Aimee Grace.

k.  **Lily McNeill**
"Student" at Trails Carolina in 2016
Last known address and cellular number only in Defendants' possession.

As a student in Foxtrot, Lily witnessed much of the physical and mental abuse and neglect Gertie suffered at Trails. Plaintiff has had four (4) years of communications with Lily McNeill regarding their time together at Trails Carolina and all of the abuse and neglect that they suffered together. Lily McNeill is identified as "Victim #1" in the Complaint. Lily disclosed the sexual assaults she suffered from Kate to Gertie prior to Gertie's assault by Kate. Lily and Gertie have communicated on countless occasions since Samantha Grainer made the entire Foxtrot group aware of Kate's sexual assault of Gertie. There is no possible way that Gertie can include everything that she and Lily have discussed over the years since Kate sexually assaulted both of them.

However, to the extent that there are responsive communications that Gertie has in her possession, custody or control, she is producing those responsive communications with Lily contemporaneously herewith.

l.  **Sofia D'Amico**
    **"Student" at Trails Carolina in 2016**
    **Last known address and cellular number only in Defendants' possession.**

    As a student in Foxtrot, Sofia witnessed much of the physical and mental abuse and neglect Gertie suffered at Trails. Gertie has contemporaneously produced her records of conversations with Sofia regarding their time at Trails Carolina.

m.  **Kate Davis**
    **"Student" at Trails Carolina in 2016**
    **Last known address and cellular number only in Defendants' possession.**

    Kate was the student who sexually assaulted Gertie while Gertie was at Trails. As a student, Kate witnessed much of the physical and mental abuse and neglect Gertie suffered at Trails.

n.  **Andrew Kerbs**
    **Clinical Intern at Trails Carolina**
    **1842 Normandy Road**
    **Lexington, KY 40504**
    **(828) 223-0335**

    Andrew Kerbs was the clinical assistant working under Jeniveve Rollins in 2016 while Gertie was at Trails Carolina. Andrew Kerbs accompanied Jeniveve to meet with Foxtrot while Foxtrot was on expo in response to the difficulties in Foxtrot following the repeated incidents of sexual assault.

o.  **Sandra Vail**
    **Field Staff Member at Trails Carolina in 2016**
    **528 Shearers Road**
    **Mooresville, NC 28115**
    **(704) 315-7359**

    As a member of the field staff assigned to Foxtrot, Sandra witnessed much of the abuse and neglect Gertie suffered while at Trails.

p.  **Jeniveve Rollins**
    **Clinical Director at Trails Carolina in 2016**
    **Last known address and cellular number only in Defendants' possession.**

As a the leader of the clinical team providing charged with providing care and treatment to the students in Foxtrot, Jeniveve is or should be aware of the abuse and neglect Gertie suffered while at Trails.

q. **Jeremy Whitworth**
Program Director at Trails Carolina
Last known address and cellular number only in Defendants' possession.

As Program Director charged with the day-to-day operation of Trails Carolina and charged with the care of the students in Foxtrot, Jeremy is or should be aware of the abuse and neglect Gertie suffered while at Trails.

r. **Rachel Bisker**
Field Supervisor at Trails Carolina in 2016

As a team leader of the field staff charged with the daily care of the students in Foxtrot, Rachel is or should be aware of the abuse and neglect Gertie suffered while at Trails.

s. **Rasheta Butler**
Field Staff at Trails Carolina in 2016
Last known address and cellular number only in Defendants' possession.

Rasheta Butler had communications with Lily regarding Kate's sexual assault of Lily. As a member of the field staff assigned to Foxtrot, Rasheta witnessed much of the abuse and neglect Gertie suffered while at Trails.

t. **Nathan (Last Name Unknown)**
Field Staff at Trails Carolina in 2016
Last known address and cellular number only in Defendants' possession.

As a member of the field staff assigned to Foxtrot, Nathan witnessed much of the abuse and neglect Gertie suffered while at Trails.

u. **Ryan (Last Name Unknown)**
Field Staff at Trails Carolina in 2016
Last known address and cellular number only in Defendants' possession.

As a member of the field staff assigned to Foxtrot, Ryan witnessed much of the abuse and neglect Gertie suffered while at Trails.

v. **Paul Gay**
Field Staff at Trails Carolina in 2016
Last known address and cellular number only in Defendants' possession.

As a member of the field staff assigned to Foxtrot, Paul witnessed much of the abuse and neglect Gertie suffered while at Trails.

w.  **Sarah (Last Name Unknown)**
    **Field Staff Member at Trails Carolina in 2016**
    **Last known address and cellular number only in Defendants' possession.**
    **As a member of the field staff assigned to Foxtrot, Sarah witnessed much of the abuse and neglect Gertie suffered while at Trails.**

x.  **Ethan Brown**
    **Field Staff at Trails Carolina in 2016**
    **Last known address and cellular number only in Defendants' possession.**

    **As a member of the field staff assigned to Foxtrot, Ethan witnessed much of the abuse and neglect Gertie suffered while at Trails.**

y.  **Ellen (Last Name Unknown)**
    **Field Staff at Trails Carolina in 2016**
    **Last known address and cellular number only in Defendants' possession.**

    **As a member of the field staff assigned to Foxtrot, Ellen witnessed much of the abuse and neglect Gertie suffered while at Trails.**

z.  **Graham Shannonhouse**
    **Founder of Trails Carolina; Executive Director of Trails Carolina in 2016; current indirect owner of Trails Carolina, LLC and Wilderness Training & Consulting, LLC**
    **Last known address and cellular number only in Defendants' possession.**

    **As the Executive Director charged with the day-to-day operation of Trails Carolina and charged with the care of the students in Foxtrot, Graham is or should be aware of the abuse and neglect Gertie suffered while at Trails.**

aa. **Erin (Last Name Unknown)**
    **"Logistic Staff" at Trails Carolina in 2016**
    **Last known address and cellular number only in Defendants' possession.**

    **Erin was involved in the strip search of Gertie when she was at Trails.**

bb. **Brittany (Last Name Unknown)**
    **"Logistic Staff" at Trails Carolina in 2016**
    **Last known address and cellular number only in Defendants' possession.**

    **Brittany was involved in the strip search of Gertie when she was at Trails.**

3.  Please identify any person or persons not previously identified who otherwise has knowledge of the facts which make the basis of Plaintiff's Complaint. In your answer, please include what each witness has told you, your attorney, or any other representative about the occurrence.

**ANSWER: <u>Objection</u>.** The undersigned objects to this request due to the vague use of the phrase "who otherwise has knowledge of the facts which make the basis of Plaintiff's Complaint." This type of catch-all interrogatory encompassing every factual allegation in an entire pleading – such as Plaintiff's 29 page, 116-paragraph Amended Complaint – is impermissibly vague under Rules 26 and 33:

> The interrogatory essentially asks Admiral to explain its actions that are related to the Complaint allegations, and to present that explanation in order from first in time to latest. But "relate[d] to the allegations" is too vague to understand without guessing. For example, the third allegation is that "Admiral Insurance Company is upon information and belief an insurance company ...." (Compl. P 3.) Admiral can hardly be expected to "explain" every "activity" related to that allegation. It is for Plaintiff to say, not for Defendant to guess, which Complaint allegations are relevant to this interrogatory.

<u>State Farm Fire & Cas. Co. v. Admiral Ins. Co.</u>, 225 F. Supp. 3d 474, 485-86 (D.S.C. 2016). Here, for example, Plaintiff is asked to identify every person who has knowledge that Graham Shannonhouse is a citizen of the State of North Carolina; every person who has knowledge of the food, shelter, and medical services offered at Trails Carolina in 2016; every person that knows that Trails Carolina holds itself out as a leader in wilderness therapy, etc. This interrogatory is improper given its overly vague and "catch-all" nature.

Plaintiff also objects to the vague use of the singular term "occurrence" in the second sentence of this interrogatory. Plaintiff's claim against the Defendants arises out of the abuse and neglect she suffered while she was admitted as a "student" at Trails Carolina in 2016, there is not a singular "occurrence" identified in the Complaint to which Plaintiff can respond.

4. State the substance of any conversation you had with Defendants or Defendants' representatives, agents, or servants regarding the alleged Incident. Include the date thereof and indicate who said what to whom.

**ANSWER: <u>Objection</u>.** The undersigned objects to this request due to the vague use of the capitalized term "incident." Gertie's claim against the Defendants arises out of the abuse and neglect she suffered while she was admitted as a "student" at Trails Carolina in 2016, there is not a singular "incident" at issue in this case. Gertie interprets this interrogatory as asking for the substance of any conversation she had with Derry O'Kane or any person she believed to be acting on behalf of Trails Carolina while she was at Trails Carolina.

The undersigned also objects to this request which requires Gertie to provide the substance of each conversation she had 8 years ago with every person who worked at Trails Carolina during the 82 days she was enrolled as a "student" at Trails Carolina. Gertie cannot possibly be asked to recall 82 days of conversations while she was 12 years old. In response to Interrogatory #2, Gertie has identified those persons she believes she interacted with personally while she was at Trails. She has also provided a summary of conversations with Derry O'Kane and Abby Mynahan regarding her sexual assault. Additionally, for the sake of being overly thorough, Gertie is providing herewith a couple of the four (4) journals she

maintained while she was at Trails Carolina, which contain contemporaneous documentation of many of her interactions while she was at Trails Carolina.

   5. State specifically what injuries you sustained as a result of the alleged Incident.

**ANSWER: Objection. The undersigned objects to this request due to the vague use of the capitalized term "incident." Gertie's claim against the Defendants arises out of the abuse and neglect she suffered while she was admitted as a "student" at Trails Carolina in 2016, there is not a singular "incident" at issue in this case. Gertie interprets this interrogatory as asking for the injuries she sustained as a result of being admitted to Trails Carolina.**

**Gertie suffered cold, hunger, fear, loss of sleep and exhaustion, humiliation, despair, physical pain, urinary tract infection, physical battery and assault while she was in the care of Defendants; since leaving Trails Carolina, she has continued to suffer long-term anxiety, mental anguish, post-traumatic stress disorder, eating disorder and loss of enjoyment of life. In an effort to mitigate those injuries, Gertie has incurred medical treatment and counseling:**

   a. **Cynthia Stanford Therapy Billing**
   b. **Naomi Shapiro, Social Worker**
   c. **Drs. Mel Houser and Sierra Miller**
   d. **Linda Bohn, Counselor**

   6. State the name and address for each hospital, if any, that you were examined or treated in for your injuries sustained from the alleged Incident to include the dates of treatment.

**ANSWER: None, as Defendants failed to procure medical treatment for Gertie in response to the abuse and neglect she suffered during her 82 days enrolled at Trails Carolina.**

   7. Identify by name, address and phone number all the physicians, chiropractors, dentists, psychologists, rehabilitative specialists and other health care providers who examined or treated you as a result of any injuries sustained from the alleged Incident.

**ANSWER: Objection. The undersigned objects to this request due to the vague use of the capitalized term "incident." Gertie's claim against the Defendants arises out of the abuse and neglect she suffered while she was admitted as a "student" at Trails Carolina in 2016, there is not a singular "incident" at issue in this case. Gertie interprets this interrogatory as asking for identification of all health care providers that examined or treated her as a result of her time at Trails Carolina. Gertie responds as follows:**

   **Cynthia Stanford – Therapist**
   **156 College St #201**
   **Burlington, VT 05401**

   **All Brains Belong VT**
   **Mel Houser, MD and Sierra Miller, DNP, APRN, FNP-C – Psychiatrist**
   **3 Pitkin Court, Suite 102**

Montpelier VT 05602

**Lydia Bohn, Counselor**
**Riverstone Counseling Program**
**31 Elmwood Ave**
**Burlington, VT 05401**

8. State whether or not you have been released from the care of each and all of the above-referenced health care providers referred to in the previous Interrogatory.

**ANSWER: Plaintiff is continuing treatment with All Brains Belong and Lydia Bohn.**

9. List all alleged medical expenses that you have incurred or that you know that you will incur as a result of any injuries sustained by you from the alleged Incident. The list should include separate figures for each of the above-referenced health care providers. For medical expenses that have been paid or satisfied, the list should include the amounts actually paid to satisfy the bills. For medical expenses that have been incurred but not yet been paid or satisfied, the list should include the amounts actually necessary to satisfy the bills. (See N.C. Gen. Stat. § 8C-1, Rule 414.)

**ANSWER: <u>Objection</u>. The undersigned objects to this request due to the vague use of the capitalized term "incident." Gertie's claim against the Defendants arises out of the abuse and neglect she suffered while she was admitted as a "student" at Trails Carolina in 2016, there is not a singular "incident" at issue in this case. Gertie interprets this interrogatory as asking for identification of the medical expenses she incurred or knows for certain that she will incur because of her admission at Trails Carolina. Gertie responds as follows:**

**Cynthia Stanford has billed Gertie approximately $4,794.00 (SIEGEL_001037-001038) to date. Plaintiff is continuing treatment with All Brains Belong and Lydia Bohn, and the billing for this treatment will be supplemented once it is in Gertie's possession, custody, or control.**

10. Describe present physical, mental or emotional complaints that you contend you have as a result of the Incident.

**ANSWER: <u>Objection</u>. The undersigned objects to this request due to the vague use of the capitalized term "incident." Gertie's claim against the Defendants arises out of the abuse and neglect she suffered while she was admitted as a "student" at Trails Carolina in 2016, there is not a singular "incident" at issue in this case. Gertie interprets this interrogatory as asking for a description of every present physical, mental or emotional complaints she experiences because of the abuse and neglect she experienced while at Trails Carolina.**

**The undersigned further objects because this interrogatory seeks to require Plaintiff to provide a constant supplement (under Fed. R. Civ. P. Rule 26(e)) of her mental and emotional**

"complaints" resulting from the abuse and neglect she suffered at Trails Carolina, which is unduly burdensome and not proportionate to any need in this case when Defendants have access to Gertie's therapy records.

Subject to these objections, Gertie states that she suffered fear and humiliation when she was stripped naked as a 12-year-old child in front of strangers; suffered cold, hunger, pain, and humiliation at Trails as a part of its "therapy," which included allowing her to suffer sexual assault, blaming her for that assault, isolating her from her parents so she could not report it, and being forced to accept responsibility for her own assault and made to feel guilty for the impact that her report of the assault had on the child who committed it. Gertie suffered tremendously in the weeks after the assault as a result of Derry O'Kane's victim blaming and Defendants' failure to report the previous instances of assault that led to Gertie's assault, the field staff's inexplicable refusal to keep Kate away from Gertie, and Defendants' decision to require Gertie to sleep near Kate after knowing Gertie was afraid of her. This abuse and neglect resulted in long-term post-traumatic stress, anxiety, nightmares, suffering, and an eating disorder that has persisted since 2016.

11. Other than injuries associated with the subject incident, describe all physical, mental, or emotional injuries or illnesses that you have had since **May 6, 2011** (whether sustained before or after the Incident). The answer should include the dates that the injuries or illnesses occurred, the health care providers who treated you, and the dates of recovery, if any.

**ANSWER: Objection.** The undersigned objects to this request due to the vague use of the capitalized term "incident." Gertie's claim against the Defendants arises out of the abuse and neglect she suffered while she was admitted as a "student" at Trails Carolina in 2016, there is not a singular "incident" at issue in this case. Gertie interprets this interrogatory as asking for a description of every physical, mental, or emotional injuries or illnesses she has had since she was 7 years & 5 months old, whether the injury or illness was before or after the abuse and neglect she suffered at Trails Carolina.

The undersigned objects to this interrogatory as unreasonably broad in time and scope in relation to any issue in this litigation, e.g. whether Gertie was treated for a cold when she was 8 years old or sprained her ankle in middle school has no probative value in this case. Asking Gertie to create a written timeline, detailed by date, injury, health care provider, and duration of condition of Gertie's entire medical history since she was 7 years & 5 months old is an unduly burdensome exercise and expense that is not proportionate to any realistic need the Defendant may possess in this case.

12. Do you allege that you have suffered permanent injuries as a result of the Incident? If so, please state exactly what permanent injuries you allege to have suffered, the nature and extent of said permanent injury, and the name, address and medical specialty of each physician who has indicated to you or your attorney that you have suffered a permanent injury as a result of the alleged incident.

**ANSWER: Objection.** The undersigned objects to this request due to the vague use of the capitalized term "incident." Gertie's claim against the Defendants arises out of the abuse

and neglect she suffered while she was admitted as a "student" at Trails Carolina in 2016, there is not a singular "incident" at issue in this case. Gertie interprets this interrogatory as asking for a description of every permanent injury she has suffered as a result the abuse and neglect she suffered at Trails Carolina.

**Without waiving this objection, Gertie is unable to state how "permanent" her injuries listed in response to Interrogatories 5, 7, & 10 are going to be. She knows that her symptoms have not resolved, and she continues to treat with:**

> **All Brains Belong VT**
> **Mel Houser, MD and Sierra Miller, DNP, APRN, FNP-C – Psychiatrist**
> **3 Pitkin Court, Suite 102**
> **Montpelier VT 05602**
>
> **Lydia Bohn, Counselor**
> **Riverstone Counseling Program**
> **31 Elmwood Ave**
> **Burlington, VT 05401**

13. State the date, time, and manner in which you gave notice to Trails Carolina, Derry C. O'Kane or Wilderness Training & Consulting, LLC of the alleged sexual abuse that you experienced by another student in the program. In your answer, please identify the staff member or members that you provided this notice to.

**ANSWER: Gertie repeatedly warned Ms. O'Kane that Kate had assaulted others and that she was afraid of Kate. After Kate Davis assaulted Gertie, she told Ms. O'Kane about her sexual assault within a day or two of it occurring, approximately on her 39th day at Trails. Gertie also told Abby Mynahan, who reported it to Defendants. Samantha informed all of the field staff with Foxtrot on the same day that Gertie told Derry O'Kane.**

14. Have you, since the date of the incident until the present time, maintained or published an account or profile on a social networking website (such as Facebook, Instagram, LinkedIn, Twitter, etc.)? If so, for each such account or profile, identify your user name and all photographical or textual communications made by you or directed to you which references this incident, this civil suit, and any property damage or injuries sustained by you or any other party in relation to the incident.

**ANSWER: <u>Objection</u>. The undersigned objects to this request due to the vague use of the capitalized term "incident." Gertie's claim against the Defendants arises out of the abuse and neglect she suffered while she was admitted as a "student" at Trails Carolina in 2016, there is not a singular "incident" at issue in this case. Gertie interprets this interrogatory as asking whether she has maintained an account or profile on a social networking website since leaving Trails Carolina.**

**Gertie maintains an active TikTok account under the name @this.is.me.surviving2 where she speaks about her time at Trails Carolina. She has a Facebook account under the name Gertie Siegel and an Instagram account under @gertiesiegel, but she does not actively post on these accounts.**

/s/ Shaun C. Blake
Shaun C. Blake (N.C. Bar # 35819)
ROGERS LEWIS JACKSON & MANN, LLC
1901 Main Street, Suite 1200
Columbia, SC 29201
Phone: 803-256-1268
Email: sblake@rogerslewis.com

May 13, 2024                                         ATTORNEYS FOR PLAINTIFF