UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| Gertrude A. Siegel,<br><br>          Plaintiff,<br>  v.<br><br>Trails Carolina, LLC, Wilderness Training & Consulting, LLC, and Derry C. O'Kane,<br><br>          Defendants. | C/A No. 1:24-CV-00046-MOC-WCM<br><br>**PLAINTIFF'S RESPONSES TO DEFENDANT TRAILS CAROLINA, LLC'S FIRST SET OF REQUESTS FOR PRODUCTION** |

  1. Copies of any and all documents referred to in your Responses to Defendant's First Set of Interrogatories.

**RESPONSE:**

  a. **SIEGEL_000001-000054 (Trails Carolina Records produced to her by Defendants);**

  b. **SIEGEL_000055-000083 (Moonridge Academy Records obtained via records request prior to this lawsuit);**

  c. **SIEGEL_000084-000094 (Photos believed to have been taken by Defendants' representatives in 2016);**

  d. **SIEGEL_000095-001039 (Stanford Therapy and Billing records received via records request);**

  e. **SIEGEL_001040 (Derry O'Kane Screenshot of an Email);**

  f. **SIEGEL_001041-001140 (Trails Journal 1 maintained by Plaintiff with certain writing(s) by other witnesses);**

  g. **SIEGEL_001141-001242 (Trails Journal 2 maintained by Plaintiff with certain writing(s) by other witnesses);**

  h. **SIEGEL_001243-001342 (Trails Journal 3 maintained by Plaintiff with certain writing(s) by other witnesses);**

  i. **SIEGEL_001343-001440 (Trails Journal 4 maintained by Plaintiff with certain writing(s) by other witnesses);**

  j. **SIEGEL_001441-001455 (WhatsApp messages between Derry O'Kane and Plaintiff);**

**EXHIBIT C**

k. SIEGEL_001456-001478 (Snapchat Messages with Kate Davis)

l. SIEGEL_001479-001506 ((Snapchat Messages with Lily McNeill)

m. SIEGEL_001507-001513 (text and Instagram Messages with Sophia D'Amico)

n. SIEGEL_001514 (Instagram message from Andrew Kerbs)

o. SIEGEL_001515-001534 (Instagram Messages with Allie Barnett)

p. SIEGEL_001535-001541 (SnapChat Messages with Aimee Grace Murray)

2. A copy of any statement taken by you, your attorneys, or anyone acting on your behalf, or any statement known to you to exist which was taken from any Defendants or Defendants' agents or employees.

**RESPONSE:** **Objection. The undersigned objects to this request, which is not limited to statements made regarding Gertie's allegations in the Complaint, and is so broad to include all public statements, testimony, media releases, and any other document containing any statement by the Defendant or any of its agents or employees at any time for any reason, which covers 16 years of media, website, and press statements by Trails Carolina, which are either in Trails' possession, custody or control or are available on the public internet, e.g. websites like Glassdoor.com, Reddit.com, and specific media articles discussing events at Trails Carolina. While Gertie's counsel has attached many of the statements and comments made by Defendants to NC the NCDHHS and the media in support its Memorandum filed on April 23, 2024, there is, of course, a host of documents online and in the public arena (e.g. NCDHHS's files) that includes statements by Defendants and Defendants' agents and employees dating back to 2008.**

**The undersigned further objects to this Request for Production because it improperly invades the attorney-client privilege and the work product doctrine by asking Gertie's attorneys to produce counsel's notes on their recollections of interviews that were conducted in furtherance of this litigation. In addition to having interviews with their clients – Gertie, Rachel Siegel, and Jules Fishelman – Gertie's attorneys have also conducted interviews of Abby Mynahan, Autumn Joy Davis, Sandra Vail, and Andrew Kerbs since being retained to pursue this lawsuit for Plaintiff. Gertie's has made note entries into Clio, their case management system, on counsels' thoughts about his or her conversations with these witnesses. However, under well-established Fourth Circuit doctrine, Defendants are not entitled to have Gertie's counsel produce these records:**

> **In our view, <u>Upjohn</u> and <u>Hickman</u> make clear that a lawyer's recollection of a witness interview constitutes opinion work product entitled to heightened protections. It does not matter whether an attorney draws on her memories, as opposed to written notes, in recalling what was said; the opinion-work-product**

> privilege offers increased protection to both sources because both require disclosure of the attorney's mental processes. Upjohn, 449 U.S. at 399-400 (explaining that "[f]orcing" disclosure of oral witness statements is particularly disfavored); Hickman, 329 U.S. at 513 (explaining the impropriety of "forc[ing] the attorney to testify as to what he remembers or what he saw fit to write down regarding witnesses' remarks" (emphasis added)).
>
> As Justice Jackson explained in Hickman, "Even if [an attorney's] recollection were perfect, the statement would be his language permeated with his inferences." 329 U.S. at 516-17 (Jackson, J., concurring). For most lawyers, imperfect recitations from memory of what a witness said would inevitably reveal what the attorney deemed important enough to remember. Accordingly, we draw a line between asking an attorney to divulge facts—either noticed by or communicated to her—and (as the government seeks to do here) asking an attorney to recall generally what was said in an interview. While it may be characterized as a "fact," the latter requires the attorney to expose her mental processes by revealing which witness statements she deemed important enough to commit to memory and is therefore opinion work product.

**Grand Jury Subpoena v. United States**, 870 F.3d 312, 317-18 (4th Cir. 2017). **No other responsive statements exist other than those "statements" reflected in the documents produced in response to Request for Production #1.**

    3.    All expense statements, bills, or other documents pertaining to or setting forth charges incurred by you for, or in connection with, medical and/or chiropractic examination and/or treatment for any injuries resulting from the Incident.

**RESPONSE: The undersigned objects to this request due to the vague use of the capitalized term "incident." Gertie's claim against the Defendants arises out of the abuse and neglect she suffered while she was admitted as a "student" at Trails Carolina in 2016, there is not a singular "incident" at issue in this case. Gertie interprets this request as asking for expense statements, bills, or other documents pertaining to or setting forth charges incurred by you for, or in connection with, medical and/or chiropractic examination and/or treatment for any injuries resulting from the abuse and neglect she suffered at Trails Carolina.**

**In response, please see SIEGEL_000095-001039 (Stanford Therapy and Billing records received via records request). Gertie is still attempting to get records and bills from Naomi Shapiro, Dr. Mel Houser, Dr. Sierra Miller, and Linda Bohn, and these records will be produced once these records are in Gertie's possession.**

    4.    Copies of any and all reports, office notes, questionnaires, intake sheets, and records of any type from any hospital, physician, chiropractor, psychologist, counselor, dentist, or other health care provider or facility where or by whom you were examined or received treatment for your alleged injuries from the Incident.

**RESPONSE**: The undersigned <u>objects</u> to this request due to the vague use of the capitalized term "incident." Gertie's claim against the Defendants arises out of the abuse and neglect she suffered while she was admitted as a "student" at Trails Carolina in 2016, there is not a singular "incident" at issue in this case. Gertie interprets this request as asking for all reports, office notes, questionnaires, intake sheets, and records of any type from any hospital, physician, chiropractor, psychologist, counselor, dentist, or other health care provider or facility where or by whom she was examined or received treatment for her alleged injuries due to the abuse and neglect she suffered at Trails Carolina. In response, please see SIEGEL_000095-001039 (Stanford Therapy and Billing records received via records request). Gertie is still attempting to get records and bills from Naomi Shapiro, Dr. Mel Houser, Dr. Sierra Miller, and Linda Bohn, and these records will be produced once these records are in Gertie's possession.

5. Copies of any and all reports, office notes, questionnaires, intake sheets, or other records of any type from your internist, family physician, or primary care physician since **May 6, 2011**, including, but not limited to, your most recent physical examination prior to the Incident and any questionnaires completed in connection with said physical examination.

**RESPONSE**: <u>Objection</u>. The undersigned objects to this request due to the vague use of the capitalized term "Incident." Gertie's claim against the Defendants arises out of the abuse and neglect she suffered while she was admitted as a "student" at Trails Carolina in 2016, there is not a singular "Incident" at issue in this case. Gertie interprets this request as asking for every record of any type from her internist, family physician, or primary care physician since May 6, 2011, when she was less than 7 years & 5 months old.

The undersigned also objects to this request as unreasonably broad in time and scope in relation to any issue in this litigation. For example, whether Gertie was treated for a cold when she was 8 years old or sprained her ankle in middle school has no probative value in this case. Gertie does not have over 13 years of internist, family physician, or primary care records. Asking Gertie to track down, for example, immunization records from providers who may have seen her when she was in elementary school or records from an urgent care provider to treat a sinus infection is an unduly burdensome exercise and expense that is not proportionate to any realistic need the Defendant may possess in this case.

6. Copies of any and all reports, office notes, questionnaires, intake sheets, or other records of any type from any hospital, physician, chiropractor or other health care provider where or by whom you were examined or received treatment for any injury or illness sustained since **May 6, 2011**, including but not limited to Dr. Erica Gibson, The Stern Center, Jarrett House, Heather Washburn, UVM Pediatric Psychiatry, Julia Knight, Gloria Seidler, and Amber Minton.

**RESPONSE**: <u>Objection</u>. The undersigned also objects to this request as unreasonably broad in time and scope in relation to any issue in this litigation, which seeks every record of any type from any health care provider Gertie has seen since May 6, 2011, when she was less than 7 years & 5 months old.

This request is just a broader version of Request #5, which was limited to internist, family physician, or primary care physician rather than every health care provider of any kind. Again, whether Gertie was treated for a cold when she was 8 years old or sprained her ankle in middle school has no probative value in this case.

Gertie does not have 13+ years of health care records. Gertie does not have any records from Dr. Erica Gibson, The Stern Center, Jarrett House, Heather Washburn, UVM Pediatric Psychiatry, Julia Knight, Gloria Seidler, or Amber Minton. Asking Gertie to track down, for example, immunization records from providers who may have seen her when she was in elementary school or records from an urgent care provider that treated a sinus infection ten years ago is an unduly burdensome exercise and expense that is not proportionate to any realistic need the Defendant may possess in this case.

7. Copies of any and all correspondences, communications, and/or reports between plaintiff, plaintiff's legal guardians, and educational consultant Kris Karge of New Chapter Consulting.

**RESPONSE**: Gertie has no correspondence with Kris Karge within her possession, custody or control. Likewise, Gertie does not have legal guardians - she is 20 years old and not under any legal guardianship.

8. Copies of any and all records, reports, lists, or other documents indicating prescriptions that have been filled from any pharmacy that you have used since **May 6, 2011**.

**RESPONSE**: **Objection**. The undersigned objects to this request as unreasonably broad in time and scope in relation to any issue in this litigation. This request is just a sub-category of Request #6, in that it is limited to pharmacists rather than every health care provider of any kind. Again, whether Gertie was given an antibiotic when she was 8 years old or has been given prescription eye drops has no probative value at all in this action. Gertie has no pharmacy records in her possession. Asking Gertie to track down over 13 years of pharmacy records, regardless of the basis for treatment, is an unduly burdensome exercise and expense that is not proportionate to any realistic need the Defendant may possess in this case.

Without waiving this objection, Plaintiff states she currently fills her prescriptions at the Lakeside Pharmacy located at 242 Pearl Street, Burlington, VT 05401. She is seeking copies of the records that pharmacy may have and will produce those once those are in her possession.

9. Copies of any policies of insurance that provided you with medical coverage at the time of the Incident.

**RESPONSE**: The undersigned **objects** to this request due to the vague use of the capitalized term "incident." Gertie's claim against the Defendants arises out of the abuse and neglect she suffered while she was admitted as a "student" at Trails Carolina in 2016, there is not a singular "incident" at issue in this case. Gertie interprets this request as asking for copies of

any policies of insurance that provided you with medical coverage during the time she was a "student" at Trails Carolina. Gertie has no responsive documents.

10. Copies of all health insurance explanation of benefits from any hospital, physician, chiropractor, psychologist, counselor, dentist, or other health care provider where or by whom you were examined or received treatment for the injuries which you allege that you sustained in the Incident.

**RESPONSE: The undersigned objects to this request due to the vague use of the capitalized term "incident." Gertie's claim against the Defendants arises out of the abuse and neglect she suffered while she was admitted as a "student" at Trails Carolina in 2016, there is not a singular "incident" at issue in this case. Gertie interprets this request as asking for copies of any health insurance explanation of benefits from any health care provider where or by whom she was examined or received treatment for the injuries which she alleges that she sustained due to the abuse and neglect she suffered at Trails Carolina. This request is just a sub-set of Request for Production #4. Gertie has no responsive documents.**

11. Copies of all Explanations of Benefits paid by your health insurance carrier (including Medicare and Medicaid) for medical or healthcare treatment of your alleged injuries from the Incident.

**RESPONSE: Gertie has no responsive documents.**

12. Copies of any and all documents submitted by you or your attorney to each person you expect to call as an expert witness at the trial of this action.

**RESPONSE: The undersigned objects to this request, which violates Fed. R. Civ. P. Rule 26(b)(4)(C). Without waiving this objection, Gertie has not identified any trial expert at this time; the information subject to expert disclosures will be provided in accordance with the Case Management Order.**

13. Copies of any and all documents received by you or your attorney from each person you expect to call as an expert witness of the trial of this action.

**RESPONSE: The undersigned objects to this request, which violates Fed. R. Civ. P. Rule 26(b)(4)(B) & (C). Without waiving this objection, Gertie has not identified any trial expert at this time; the information subject to expert disclosures will be provided in accordance with the Case Management Order.**

14. Copies of all documents related to this claim reviewed by, relied upon by, or prepared generated by each person you expect to call as an expert witness at the trial of this action.

**RESPONSE: The undersigned objects to this request, which violates Fed. R. Civ. P. Rule 26(b)(4)(B) & (C). Without waiving this objection, Gertie has not identified any trial expert at**

this time; the information subject to expert disclosures will be provided in accordance with the Case Management Order.

15. Copies of a current resume or curriculum vitae (CV) for each person you expect to call as an expert witness at the trial of this action. (NOTE: There is no need to provide a CV for treating physicians or healthcare providers.)

**RESPONSE: Gertie has not identified any trial expert at this time; the information subject to expert disclosures will be provided in accordance with the Case Management Order.**

16. Copies of any all transcripts and/or educational records from any school, boarding school, college, university, and/or other educational facility that you attended from May 6, 2011 to present, including but not limited to Hunts Middle School, Sustainability Academy, The Bellwether School, CP Smith Elementary School, and Moonridge Academy.

**RESPONSE: Please see bates labeled documents SIEGEL_000055-000083. Gertie does not possess other responsive documents; Gertie is awaiting receipt of her high school diploma – it has not been delivered yet – and will produce a copy of it once it is received.**

17. Copies of any correspondences between Plaintiff and her family members, including but not limited to Rachel Siegel and Jules Fishelman during Plaintiff's enrollment at Trails Carolina in 2016.

**RESPONSE: These documents are not in Gertie's possession, custody or control.**

18. Copies of any correspondences, electronic or otherwise, between Derry O'Kane and Plaintiff's legal guardians and/or parents Rachel Siegel and Jules Fishelman during Plaintiff's enrollment at Trails Carolina in 2016.

**RESPONSE: Gertie does not have legal guardians. Gertie is 20 years old and is not under any legal guardianship. Defendants are in possession of communications between Derry O'Kane and either Rachel Siegel or Jules Fishelman, not Gertie, with the exception of the fact that Gertie is in possession of a single screenshot email from Derry O'Kane and her parents. See SIEGEL_001040.**

19. Copies of any communications that you, or anyone on your behalf, had with Derry O'Kane following the completion of your enrollment at Trails Carolina, including but not limited to emails, Instagram messages, whatsapp messages, and psychology today messages.

**RESPONSE: Defendants are in possession, custody and control of the documents sought in this request. However, please see bates labeled documents SIEGEL_001441-001455, which are the responsive documents in Gertie's possession, custody or control.**

20. Copies of any and all postings, descriptions, communications, or other documents of the Incident or your injuries made by you on a social networking website (such as Facebook, Instagram, LinkedIn, Twitter, etc.).

**RESPONSE: The undersigned objects to this request due to the vague use of the capitalized term "incident." Gertie's claim against the Defendants arises out of the abuse and neglect she suffered while she was admitted as a "student" at Trails Carolina in 2016, there is not a singular "incident" at issue in this case. Gertie interprets this request as asking for all statements made by her on any social networking website regarding the neglect and abuse she suffered while at Trails Carolina. In response, Plaintiff refers the Defendant to her TikTok account, @this.is.me.surviving2, located at https://www.tiktok.com/@this.is.me.surviving2, and the Instagram messages produced herewith at SIEGEL_001507-001513 and SIEGEL_001515-001534.**

/s/ Shaun C. Blake
Shaun C. Blake (N.C. Bar # 35819)
ROGERS LEWIS JACKSON & MANN, LLC
1901 Main Street, Suite 1200
Columbia, SC 29201
Phone: 803-256-1268
Email: sblake@rogerslewis.com

May 13, 2024                ATTORNEYS FOR PLAINTIFF