UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| Gertrude A. Seigel,<br><br>            Plaintiff,<br>v.<br><br>Trails Carolina, LLC, Wilderness Training & Consulting, LLC, and Derry C. O'Kane,<br><br>            Defendants. | C/A No. 1:24-CV-00046-MOC-WCM<br><br>**Plaintiff's First Set of Requests for Production to each Defendant** |

Pursuant to Fed. R. Civ. P. Rules 26 and 34 (the "Rules"), Plaintiff ("Gertie") hereby demands that each Defendant produce the following documents, electronically stored information, and tangible things to the extent that the they are in each Defendant's possession, custody or control and as provided by the Rules:

1. Each that illustrates or discusses the fact that Gertie's allegations of abuse was counseled with any of Defendants' outside Clinical Supervisor(s).

2. Each that illustrates or discusses the fact that Gertie's allegations of abuse was reported to any person, whether or not that person was employed by any of the Defendants in any capacity.

3. Each that contains or reflects the context of a communication that references Gertie, Jules Fishelman, or Rachel Siegel.

  For the sake of clarity, this request does not seek any documents, electronically stored information, and tangible things that contain communications solely between a Defendant and any lawyer or employee of Hedrick Gardner Kincheloe & Garofalo, LLP that has not been seen by anyone other than the lawyer or employee of Hedrick Gardner Kincheloe & Garofalo, LLP, control group of Trails Carolina,

LLC, the control group of Wilderness Training & Consulting, LLC, or Derry C. O'Kane.

4. Each that you submitted to NCDSS, Transylvania County DSS, or Transylvania County Sheriff's Office, or the North Carolina Health Care Registry reporting any allegation of abuse or neglect between March 3, 2010 to April 26, 2024, including each 24-hour and 5-day report.

5. Each that reflects or discusses the employee evaluation for each of the witnesses identified by either party in discovery between January 1, 2012 and December 31, 2016

6. Each provided or shown to an employee between January 1, 2012 and July 31, 2016 as a part of their training in crisis prevention or abuse reporting.

7. Each that contains or discusses any of the Defendants' protocols for abuse reporting and that were in effect at any time in 2016.

8. Each that contains or discusses any of the Defendants' protocols that specifies the conditions under which searches and seizures of a "client" may occur and that were in effect at any time in 2016.

9. Each that contains or discusses the minutes, conclusions, findings, or recommendations arising out of any of the Defendants' Quality Assurance Committee meetings between January 1, 2012 and December 31, 2016.

10. Each that contains the employee job description for any individual identified in the parties' discovery responses.

11. Each that contains the individualized supervision plan for each associate professional who interacted with Foxtrot in 2016.

12. Each that contains individualized supervision plan for each paraprofessional who interacted with Foxtrot in 2016.

13. Each student-involved incident report between January 1, 2012 and December 31, 2016.

14. Each of the call logs and cell phone records showing calls to or from any person at or working with Foxtrot during Gertie's admission to Trails Carolina.

15. Each that shows your compliance with N.C.G.S. § 122c-57 as it relates to Gertie, which states, in relevant part: "The client and the client's legally responsible person shall be informed in advance of the potential risks and alleged benefits of the treatment choices."

16. Each that shows your compliance with the following requirement of N.C.G.S. § 122c-62(e) as it relates to Gertie, which states, in relevant part: "No right enumerated in subsections (b) or (d) of this section may be limited or restricted except by the qualified professional responsible for the formulation of the client's treatment or habilitation plan. A written statement shall be placed in the client's record that indicates the detailed reason for the restriction."

17. Each that shows your compliance with N.C.G.S. § 122c-62(e) as it relates to Gertie, which states, in relevant part: "An evaluation of each restriction shall be conducted by the qualified professional at least every seven days, at which time the restriction may be removed. Each evaluation of a restriction shall be documented in the client's record."

18. Each that shows your compliance with N.C.G.S. § 122c-62(e) as it relates to Gertie, which states, in relevant part: "Restrictions on rights may be renewed only by a written statement entered by the qualified professional in the client's record that states the reason for the renewal of the restriction."

19. Each that shows your compliance with N.C.G.S. § 122c-62(e) as it relates to Gertie, which states, in relevant part: "In the case of a minor client or an incompetent adult client, the legally responsible person shall be notified of each instance of an initial restriction or renewal of a restriction of rights and of the reason for it. Notification of the designated individual or legally responsible person shall be documented in writing in the client's record." Produce each document you provided to Gerties parents and placed in Gertie record in compliance with this requirement.

20. Each that shows your compliance with N.C.G.S. § 122C-51 as it relates to Gertie, which states, in relevant part: "Each client has the right to an individualized written treatment or habilitation plan setting forth a program to maximize the development or restoration of his capabilities."

21. Produce each document and insurance policy listed in response to your Rule 26(a)(1) disclosures.

s/Shaun C. Blake<br>
Shaun C. Blake, Esq. (N.C. Bar #35819)<br>
Attorney for Plaintiff<br>
ROGERS LEWIS JACKSON & MANN LLC<br>
1901 Main Street, Suite 1200<br>
Columbia, SC 29201<br>
Tel: (803) 256-1268<br>
Email: sblake@rogerslewis.com

April 26, 2024

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

No. 1:24-cv-00046-MOC-WCM

| | |
|---|---|
| GERTRUDE A. SIEGEL,<br>　　　　　　　　　　　　Plaintiff,<br>v.<br>TRAILS CAROLINA, LLC, WILDERNESS TRAINING & CONSULTING, LLC, AND DERRY C. O'KANE,<br>　　　　　　　　　　　　Defendants. | **CERTIFICATE OF SERVICE** |

I certify that a copy of the foregoing document *Plaintiff's First Set of Requests for Production to Each Defendant* was served upon all counsel of record for the Defendants via electronic mail as follows:

> Kristy M. D'Ambrosio
> David L. Levy
> Hedrick Gardner Kincheloe & Garofalo, LLP
> 4201 Congress Street, Suite 300
> Charlotte, NC 28209
> kdambrosio@hedrickgardner.com
> dlevy@hedrickgardner.com

> s/Shaun C. Blake
> Shaun C. Blake, Esq. (N.C. Bar #35819)
> Attorney for Plaintiff
> ROGERS LEWIS JACKSON & MANN LLC
> 1901 Main Street, Suite 1200
> Columbia, SC 29201
> Tel: (803) 256-1268
> Email: sblake@rogerslewis.com

April 26, 2024