IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 3:24-CV-00155

| | |
|---|---|
| **GERTRUDE A. SIEGEL,** <br> **Plaintiff,** <br> v. <br> **TRAILS CAROLINA, LLC, WILDERNESS TRAINING & CONSULTING, LLC and DERRY C. O'KANE,** <br> **Defendants.** | **DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

**NOW COMES** the Defendants, by and through counsel, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and responds to Plaintiff's First Set of Requests for Production of Documents to each Defendant, as follows:

### REQUEST FOR PRODUCTION OF DOCUMENTS

1. Each that illustrates or discusses the fact that Gertie's allegations of abuse was counseled with any of Defendants' outside Clinical Supervisor(s).

    **RESPONSE: Objection. Defendants object on the basis that the term "outside Clinical Supervisor(s)" is vague and undefined. Defendants further object on the basis that Defendants Trails Carolina, LLC and Wilderness Training & Consulting, LLC are entities that do not have "outside Clinical Supervisor(s)." Without waiving said objections, at the time of Plaintiff's allegations, Defendant O'Kane's supervisor was Jeniveve Rollins. Defendants are not in possession of any documentation responsive to this Request. As discovery is ongoing, Defendants reserve the right to supplement this response.**

2. Each that illustrates or discusses the fact that Gertie's allegations of abuse was reported to any person, whether or not that person was employed by any of the Defendants in any capacity.

    **RESPONSE: Objection. Defendants object to the extent that this Request seeks the protected health information of minor enrollees at Trails Carolina. Subject to and without waiving said objections, Defendant O'Kane's discussions with Plaintiff's parents Rachel Siegel and Jules Fishelman are noted in Plaintiff's enclosed Clinical Treatment Notes. Defendants are not in possession of any other documentation responsive to this Request. As discovery is ongoing, Defendants reserve the right to supplement this response.**

3. Each that contains or reflects the context of a communication that references Gertie, Jules Fishelman, or Rachel Siegel.

For the sake of clarity, this request does not seek any documents, electronically stored information, and tangible things that contain communications solely between a Defendant and any lawyer or employee of Hedrick Gardner Kincheloe & Garofalo, LLP that has not been seen by anyone other than the lawyer or employee of Hedrick Gardner Kincheloe & Garofalo, LLP, control group of Trails Carolina, LLC, the control group of Wilderness Training & Consulting, LLC, or Derry C. O'Kane.

**RESPONSE: Defendant O'Kane discussions with Plaintiff's parents Rachel Siegel and Jules Fishelman are noted in Plaintiff's enclosed Clinical Treatment Notes. Defendants are not in possession of any other documentation responsive to this Request. As discovery is ongoing, Defendants reserve the right to supplement this response.**

4. Each that you submitted to NCDSS, Transylvania County DSS, or Transylvania County Sheriff's Office, or the North Carolina Health Care Registry reporting any allegation of abuse or neglect between March 3, 2010 to April 26, 2024, including each 24-hour and 5-day report.

**RESPONSE: Objection. Defendants object to this Request on the basis that it is overly broad, unduly burdensome, and not limited in time and scope to lead to the discovery of admissible evidence. Defendants further submit that they will be submitting a Motion for Protective Order on the documentation sought by this Request. Subject and without waiving said objections, Defendants did not submit any report to aforementioned entities involving Plaintiff.**

5. Each that reflects or discusses the employee evaluation for each of the witnesses identified by either party in discovery between January 1, 2012 and December 31, 2016.

**RESPONSE: To the extent that said documentation exists, it is produced in the enclosed production of employee files. As discovery is ongoing, Defendant reserve the right to supplement this response.**

6. Each provided or shown to an employee between January 1, 2012 and July 31, 2016 as a part of their training in crisis prevention or abuse reporting.

**RESPONSE: To the extent that said documentation exists, it is produced in the enclosed production of employee files. As discovery is ongoing, Defendants reserve the right to supplement this response.**

7. Each that contains or discusses any of the Defendants' protocols for abuse reporting and that were in effect at any time in 2016.

**RESPONSE: Defendant's Abuse Report Training is enclosed with the production of employee files. Defendants further submit that they will be**

submitting a Motion for Protective Order on the following policies responsive to this Request: Policy 3.06 Incident Reporting; Policy 6.12 Abuse Reporting Within Program; and Policy 6.13 Abuse Reporting – Occurrence Prior to Enrollment. Defendants will produce the aforementioned policies following the Court's decision on entry of a Protective Order. As discovery is ongoing, Defendants reserve the right to supplement this response.

8. Each that contains or discusses any of the Defendants' protocols that specifies the conditions under which searches and seizures of a "client" may occur and that were in effect at any time in 2016.

**RESPONSE: Defendants will be submitting a Motion for Protective Order on the following policies responsive to this Request: Policy 4.07 Search and Seizure Policy. Defendants will produce the aforementioned policies following the Court's decision on entry of a Protective Order. As discovery is ongoing, Defendants reserve the right to supplement this response.**

9. Each that contains or discusses the minutes, conclusions, findings, or recommendations arising out of any of the Defendants' Quality Assurance Committee meetings between January 1, 2012 and December 31, 2016.

**RESPONSE: Objection. Defendants object on the basis that the term " Quality Assurance Committee meetings" is vague and undefined. Defendants further object to this request on the basis that it is overly broad, unduly burdensome, and not limited in time and scope to lead to the discovery of admissible evidence. Subject to and without waiving said objections, Defendant is not in possession of any documentation relating to Quality Assurance Committee meetings as they understand that term.**

10. Each that contains the employee job description for any individual identified in the parties' discovery responses.

**RESPONSE: To the extent that said documentation exists, it is produced in the enclosed production of employee files. As discovery is ongoing, Defendant reserve the right to supplement this response.**

11. Each that contains the individualized supervision plan for each associate professional who interacted with Foxtrot in 2016.

**RESPONSE: Objection. Defendants object on the basis that the term "individualized supervision plan" is vague and undefined. Subject to and without waiving said objections, Defendants are not in possession of any responsive documentation as they understand that term.**

12. Each that contains individualized supervision plan for each paraprofessional who interacted with Foxtrot in 2016.

**RESPONSE: Objection. Defendants object on the basis that the term "individualized supervision plan" is vague and undefined. Subject to and**

**without waiving said objections, Defendants are not in possession of any responsive documentation as they understand that term.**

13. Each student-involved incident report between January 1, 2012 and December 31, 2016.

   **RESPONSE: Objection. Defendants object to this request on the basis that it is overly broad, unduly burdensome, and not limited in time and scope to lead to the discovery of admissible evidence. Defendants also object to the extent that this Request seeks the protected health information of minor enrollees at Trails Carolina. Defendants further submit that they will be submitting a Motion for Protective Order on the documentation sought by this Request.**

14. Each of the call logs and cell phone records showing calls to or from any person at or working with Foxtrot during Gertie's admission to Trails Carolina.

   **RESPONSE: Objection. Defendants object to the extent that this Request seeks the protected health information of minor enrollees at Trails Carolina. Defendants further submit that they will be submitting a Motion for Protective Order on the documentation sought by this Request.**

15. Each that shows your compliance with N.C.G.S. § 122c-57 as it relates to Gertie, which states, in relevant part: "The client and the client's legally responsible person shall be informed in advance of the potential risks and alleged benefits of the treatment choices."

   **RESPONSE: Defendant directs Plaintiff to the following enclosed Policy: Policy 7.05: Client Rights and Responsibilities. On or about May 1, 2016, Plaintiff's parents completed the following enrollment documents: Parent Authorization and Consent; Medication and Release of Information Consent for Dr. Narron; Consent for Medical Examination and Treatment. On May 11, 2016, Plaintiff's parents signed off on her proposed Treatment Plan, which is enclosed. Additionally, upon enrollment, Plaintiff's parents were provided with a Welcome to TRAILS information packet, which is enclosed, containing an introduction to her therapists and Trails Field Guide for parents and parenting. Additionally, every client is provided with the TRAILS Carolina Student Grievance Policy, which is enclosed.**

16. Each that shows your compliance with the following requirement of N.C.G.S. § 122c-62(e) as it relates to Gertie, which states, in relevant part: "No right enumerated in subsections (b) or (d) of this section may be limited or restricted except by the qualified professional responsible for the formulation of the client's treatment or habilitation plan. A written statement shall be placed in the client's record that indicates the detailed reason for the restriction."

   **RESPONSE: To the extent that any restrictions were placed on Plaintiff during the course of treatment, they are documented in the enclosed Clinical Treatment Notes and/or enrollment paperwork provided to Plaintiff's parents. As discovery is ongoing, Defendants reserve the right to supplement this response.**

17. Each that shows your compliance with N.C.G.S. § 122c-62(e) as it relates to Gertie, which states, in relevant part: "An evaluation of each restriction shall be conducted by the qualified professional at least every seven days, at which time the restriction may be removed. Each evaluation of a restriction shall be documented in the client's record."

   **RESPONSE: To the extent that any restrictions were placed on Plaintiff during the course of treatment, they are documented in the enclosed Clinical Treatment Notes. As discovery is ongoing, Defendants reserve the right to supplement this response.**

18. Each that shows your compliance with N.C.G.S. § 122c-62(e) as it relates to Gertie, which states, in relevant part: "Restrictions on rights may be renewed only by a written statement entered by the qualified professional in the client's record that states the reason for the renewal of the restriction."

   **RESPONSE: To the extent that any restrictions were placed on Plaintiff during the course of treatment, they are documented in the enclosed Clinical Treatment Notes. As discovery is ongoing, Defendants reserve the right to supplement this response.**

19. Each that shows your compliance with N.C.G.S. § 122c-62(e) as it relates to Gertie, which states, in relevant part: "In the case of a minor client or an incompetent adult client, the legally responsible person shall be notified of each instance of an initial restriction or renewal of a restriction of rights and of the reason for it. Notification of the designated individual or legally responsible person shall be documented in writing in the client's record." Produce each document you provided to Gerties parents and placed in Gertie record in compliance with this requirement.

   **RESPONSE: To the extent that any restrictions were placed on Plaintiff during the course of treatment, they are documented in the enclosed Clinical Treatment Notes. As discovery is ongoing, Defendants reserve the right to supplement this response.**

20. Each that shows your compliance with N.C.G.S. § 122C-51 as it relates to Gertie, which states, in relevant part: "Each client has the right to an individualized written treatment or habilitation plan setting forth a program to maximize the development or restoration of his capabilities."

   **RESPONSE: On May 11, 2016, Plaintiff's parents signed off on her proposed Treatment Plan, which is enclosed. As discovery is ongoing, Defendants reserve their rights to supplement this response.**

21. Produce each document and insurance policy listed in response to your Rule 26(a)(1) disclosures.

   **RESPONSE: See enclosed document production.**

**This the 28th Tue of May, 2024.**

                                        **HEDRICK GARDNER KINCHELOE & GAROFALO LLP**

                                        */s/ Kristy D'Ambrosio*
                                        **DAVID L. LEVY**
                                        NC State Bar No. 34060
                                        **KRISTY M. D'AMBROSIO**
                                        NC State Bar No. 52817
                                        **Attorneys for Defendants**
                                        PH:    704-319-5426
                                        FAX:  704-602-8178
                                        dlevy@hedrickgardner.com
                                        kdambrosio@hedrickgardner.com

# CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document, *Defendants' Response to Plaintiff's First Set of Requests for Production of Documents*, was served upon all counsel of Record

☒ as an attachment to an electronic correspondence

☐ by depositing a copy of the same in an official depository of the United States mail in a postage-paid envelope

☐ via facsimile, or

☐ by hand delivery

addressed as follows:

> **Shaun C. Blake**
> **Jenkins M. Mann**
> **Rogers Lewis Jackson & Mann LLC**
> **sblake@rogerslewis.com**
> **jmann@rogerslewis.com**
> **Attorneys for Plaintiff**

**This the 28th Tue of May, 2024.**

*Kristy D'Ambrosio*
**KRISTY M. D'AMBROSIO**
**NC State Bar No. 52817**
**Attorney for Defendants**