UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:24-CV-00046-MOC-WCM

| | |
|---|---|
| GERTRUDE A. SIEGEL,<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>TRAILS CAROLINA, LLC,<br>WILDERNESS TRAINING &<br>CONSULTING, LLC, and DERRY C.<br>O'KANE,<br><br>　　　　　　　　　　　　　Defendants. | **DEFENDANTS' REPLY IN<br>SUPPORT OF MOTION<br>FOR PROTECTIVE ORDER** |

**NOW COME** Defendants Trails Carolina, LLC, Wilderness Training & Consulting, LLC, and Derry C. O'Kane, (hereinafter collectively "Defendants"), by and through counsel, and submit this reply in support of Defendants' Motion for Protective Order.

At the outset, Defendants must note that Plaintiff's Opposition incorrectly alleges that Defendants did not agree to a Qualified Protective Order (hereinafter "QPO") Plaintiff's Motion for the QPO was filed *prior* to giving Defendants' counsel a chance to review the latest revision. Once counsel had an opportunity to review the revised QPO, defense counsel consented. In the opposition Plaintiff misrepresents to the Court that defense counsel would not agree to a QPO despite acknowledging that counsel communicated to narrow the scope of the ultimate consent submission to the Court. This mischaracterization appears to be an effort to

1

distract the Court from the issues at hand in this Motion, which is Defendants' objections to various requests served by Plaintiff.

## ARGUMENT

Plaintiff's Opposition further exemplifies the need for Court intervention to protect Defendants from the undue burden they would incur in collecting information potentially responsive to Plaintiff's requests for production. Plaintiff's allegations that Defendants are attempting to delay discovery in this matter could not be further from the truth as Defendants' counsel has been discussing both a Protective Order and a Qualified Protective Order with Plaintiff's counsel since the inception of this action.

**I.　The Court Should Sustain Defendants' Objections to Plaintiff's Requests for Production.**

With respect to Request #4, Plaintiff offers no explanation as to how the 14-year period of records is not overly broad or unduly burdensome. Defendants have already responded that there is no responsive documentation in existence regarding the incident at issued in this case, which allegedly occurred in 2016. Further, Plaintiff's Request ignores the fact that an alleged incident as described in the pleadings between minor enrollees would not be reportable under the mandated reporter laws as has been confirmed in numerous witness depositions in this case. Therefore, any information that could be gathered responsive to this Request is wholly inapplicable to the allegations at issue in this litigation.

With respect to Request #9, Plaintiff offers no reasonable explanation as to why she is entitled to documentation for four years prior to her enrollment. Defendants respectfully submit that it is unduly burdensome for Defendants to search for records dating back more than twelve (12) years, especially for a program that is not currently operational as Plaintiff has repeatedly pointed out in pleadings and motions practice.

With respect to Request #13, Plaintiff offers no reasonable explanation as to why she is entitled to incident reports for four years prior to her enrollment. Defendants would face an undue burden in gathering every incident report created during this time period across all enrollees, the vast majority of which would be wholly inapplicable to the allegations at issue in this litigation.

With respect to Request #14, Defendants are awaiting the Court to enter the consent QPO. At that time, Defendants will be in a position where they can produce the requested documentation without violating HIPAA.

## II. Defendants request a Protective Order on Confidential Business Documents.

With respect to Requests #7 & 8, Defendants stand by their request that the Protective Order submitted as Exhibit A to the Motion should be entered on these confidential business policies and procedures. Plaintiff's revisionary history of the January 29, 2024 hearing in *Clara Mann v. Trails Carolina, LLC* 1:23-CV-00020 is entirely improper and should have no bearing on the Court's consideration of

3

Defendants' Motion in this litigation. Plaintiff's opposition notably fails to mention the agreement between counsel that the documents would not be used outside of the *Mann* litigation. Plaintiff's counsel acknowledges that the documents were marked "confidential" and "not for public dissemination" in the prior litigation; however, Plaintiff's counsel flagrantly disregards the prior agreement by attaching these materials to the instant opposition for no purpose other than to publicly publish the information. Plaintiff's continued targeted efforts to publicize this litigation reflect the exact reason why Defendants have sought entry of a Protective Order.

The nature of the information responsive to Requests #7 & 8 are not publicly available and would further harm the Defendants if Plaintiff's counsel is permitted to continue to disseminate these confidential documents. Defendants respectfully submit that a Protective Order is needed for any responsive policies to this Request to prevent public disclosure and further misuse of confidential information.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court grant their Motion for Protective Order in its entirety.

**This the 10th day of June, 2024.**

/s/DAVID L. LEVY
David L. Levy
NC State Bar No. 34060
/s/KRISTY M. D'AMBROSIO
Kristy M. D'Ambrosio
NC State Bar No. 52817

4

**Hedrick Gardner Kincheloe & Garofalo, LLP**
**4201 Congress Street, Suite 300**
**Charlotte, NC 28209**
**Phone: 704-319-5426**
**Fax: 704-602-8178**
**dlevy@hedrickgardner.com**
**kdambrosio@hedrickgardner.com**
*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I certify that on June 10, 2024, a copy of the foregoing *Defendants' Reply in Support of Motion for Protective Order* was served upon all counsel of Record via the CM/ECF system.

/s/DAVID L. LEVY
**David L. Levy**
**NC State Bar No. 34060**
