IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civ. No. 1:24-CV-00046-MOC-SCR

Gertrude A. Siegel,

    Plaintiff,

v.

Trails Carolina, LLC, Wilderness Training & Consulting, LLC, and Derry C. O'Kane,

    Defendants.

**QUALIFIED PROTECTIVE ORDERED PURSUANT TO 45 C.F.R. § 164-512(e)**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 45 C.F.R. § 164.512(e)(1), and the "Consent Motion for Qualified Protective Order Pursuant to 45 C.F.R. § 164-512(e)" (Doc. No. 45), the Court finds good cause for the issuance of a qualified protective order and hereby ORDERS as follows:

1. In the course of discovery in this case, the parties each anticipate seeking records that contain "protected health information" about *Gertrude A. Siegel* and those certain students that participated at some time between May 5, 2016, and July 27, 2016, in the Trails Carolina wilderness therapy program for persons ten (10) to eighteen (18) years old (the "*Summer 2016 Wilderness Therapy Students*"). The undersigned finds that the Parties and their attorneys are hereby authorized to receive, subpoena, and transmit documents and information that contain or constitute "protected health information" pertaining to Gertrude A. Siegel and the Summer 2016 Wilderness Therapy Students to the extent and subject to the conditions outlined herein.

2. <u>Definition of PHI</u>. For the purposes of this qualified protective order, "protected health information" (hereinafter "*PHI*") shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501. PHI includes, but is not limited to, health information, including

demographic information, relating to either: (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3. Filing under Seal. This Order does not authorize either party to seal court filings or court proceedings. The Court will make a good cause determination for filing under seal if and when the parties seek to file any person's PHI under seal subject to Local Civil Rule 6.1.

4. Purpose for Order. The parties intend to seek, through discovery and subpoenas in this action, the PHI of Gertrude A. Siegel and the Summer 2016 Wilderness Therapy Students. The Court finds that the discovery of PHI regarding Gertrude A. Siegel and the Summer 2016 Wilderness Therapy Students is appropriate under 45 C.F.R. § 164.512(a) and (e) and may be disclosed by Defendants or another "covered entity" in accordance with this Order without violating the HIPAA Privacy Rule. This Order is not intended to be construed as a prior determination that records containing PHI regarding Gertrude A. Siegel or any Summer 2016 Wilderness Therapy student are otherwise discoverable under Fed. R. Civ. P. Rule 26; rather, this Order is merely intended to satisfy the HIPAA Privacy Rule and provide for the confidential treatment of PHI that may be otherwise discoverable under the Federal Rules of Civil Procedure.

5. Production of PHI by Covered Entities. All "covered entities" (as defined by 45 C.F.R. § 160.13) are hereby authorized to disclose PHI pertaining to Gertrude A. Siegel or any Summer 2016 Wilderness Therapy Student to those attorneys who certify that they represent either Gertrude A. Siegel, Trails Carolina, LLC, Wilderness Training & Consulting, LLC, or Derry C. O'Kane in this civil action. Upon receipt of such records by any party, the records actually containing PHI shall be marked "**Protected PHI**" in a manner that does not prevent any of the contents of the

record from being read or viewed.

6. <u>Limited use of PHI</u>. The parties and their attorneys shall be permitted to use or disclose PHI pertaining to Gertrude A. Siegel or any Summer 2016 Wilderness Therapy Student solely for the purposes of prosecuting or defending this action, including any appeals of this case. The parties' attorneys shall be permitted to disclose PHI pertaining to Gertrude A. Siegel or any Summer 2016 Wilderness Therapy Student to court personnel and court reporters. The parties' attorneys shall also be permitted to disclose PHI pertaining to Gertrude A. Siegel or any Summer 2016 Wilderness Therapy Student to the parties' experts, consultants, court personnel, court reporters, copy services, and trial consultants so long as, prior to doing so, counsel has informed each such person that PHI pertaining to Gertrude A. Siegel or any Summer 2016 Wilderness Therapy Student may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving PHI pertaining to Gertrude A. Siegel or any Summer 2016 Wilderness Therapy Student do not use or disclose such information for any purpose other than this litigation.

7. <u>Destruction of PHI at Conclusion of Case</u>. Within 35 days after the conclusion of the litigation including appeals, the parties, their attorneys, and any person or entity in possession of PHI pertaining to Gertrude A. Siegel or any Summer 2016 Wilderness Therapy Student received pursuant to this Order shall destroy such PHI, except that the parties and their counsel are not required to destroy records containing that party's own PHI or secure the destruction of any PHI submitted to the court.

8. <u>Scope of Order</u>. Nothing in this Order authorizes counsel for the Defendants to obtain the PHI of Gertrude A. Siegel through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process. Likewise, nothing in this

Order authorizes counsel for Gertrude A Siegel to obtain the PHI of any Summer 2016 Wilderness Therapy Student through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process.

9. <u>Order Subject to Modification.</u> This Order shall be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order. The Order shall not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

**SO ORDERED**.

Signed: September 3, 2024

_____
Susan C. Rodriguez
United States Magistrate Judge